The HERTZ CORPORATION, Budget Rent-A-Car Systems, Inc., and National Car Systems, Inc., Appellants,

v.

STATE DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION and Texas Automobile Dealers Association, Appellees.

No. 3–86–009–CV.

Court of Appeals of Texas, Austin.

April 15, 1987.

Rehearing Denied May 20, 1987.

Fred B. Werkenthin, Small, Craig & Werkenthin, Austin, for appellants.

Jim Mattox, Atty. Gen., Delmar L. Cain, Asst. Atty. Gen., Austin, for State Dept. of Highways and Public Transp.

Shannon H. Ratliff, Jerry A. Bell, Jr., McGinnis, Lochridge & Kilgore, Austin, for Texas Auto. Dealers Ass'n.

Before SHANNON, C.J., and BRADY and CARROLL, JJ.

SHANNON, Chief Justice.

Appellants Hertz Corporation, Budget Rent-A-Car Systems, Inc., and National Car Systems, Inc., filed a declaratory judgment suit in the district court of Travis County pursuant to Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 12 and Tex.Civ.Prac. and Rem. Code § 37.001, *et seq.* By their suit appellants sought a declaration concerning the validity and applicability of certain rules promulgated by appellee Department of Highways and Public Transportation relating to "off-site" sales of used automobiles. Ancillary to their declaratory judgment suit, appellants sought a temporary injunction, in effect, prohibiting the Department from enforcing its rules with respect to appellants' "off-site" sales.

After hearing, the district court rendered judgment denying appellants' application for a temporary injunction. Appellants have perfected an appeal from that judgment. This Court will affirm the judgment of the district court.

For several years before September 1, 1985, appellants had conducted "off-site" sales of cars which had once been in their rent-car fleets. These sales were conducted away from the permanent place of business of the rent-car company, frequently at temporary locations such as hotel or shopping center parking lots or drive-in movie lots. The "off-site" sales were often sponsored by credit unions which would promote the sales to their members and provide pre-arranged credit for the purchase of the used cars.

Effective September 1, 1985, the Legislature amended Tex.Rev.Civ.Stat.Ann. art. 6686(a)(1) (Supp.1987). Article 6686 governs dealer's and manufacturer's license plates and tags for motor vehicles and other vehicles. As described by appellants, the "heart" of the amendment is found in art. 6686(a) (1–A)(v) and provides as follows:

Except as otherwise provided by law or regulation of the Department, a dealer holding a general distinguishing number for a particular type of vehicle may oper-

ate thereunder from *more than one location within the limits of a city,* but a separate and distinct general distinguishing number supported by the affirmations and accompanied by the fees required herein, shall be required for any other location. (Emphasis added).

As this Court understands, each appellant, prior to the amendment, held a "general distinguishing number" as required by the statute and, presumably, each continues to hold such number. Since the amendment, itself, did not expressly describe what *types* of "locations" dealers could operate from, the question arose whether or not appellants, and those similarly situated, could continue to conduct "off-site" sales of their used automobiles.

After notice and hearing in January 1986, the agency[1] charged with enforcement promulgated rules in connection with the amended statute. The rules which are the center of the controversy are set out as follows:

§ 17.63. More Than One Location. A dealer holding a general distinguishing number for a particular type of vehicle may operate from more than one location within the limits of a city, provided each such location meets the requirements of an *established and permanent* place of business and is approved by the department.

§ 17.64. Off-site Sales. Unless otherwise authorized by statute, a dealer is not permitted under Texas Civil Statutes, Article 6686, to sell or offer for sale vehicles from a location other than an *established and permanent* place of business which has been approved by the department.

(emphasis supplied).

By their suit, appellants sought, among other things, a declaration from the district court that the agency rule-making proceeding failed to comply with the rule-making procedures of the Administrative Procedure and Texas Register Act, Tex.Rev.Civ. Stat.Ann. art. 6252–13a, § 5(c–1); that the agency's rules were in conflict with art. 6686, as amended; and that the agency

refused to exercise its duty under art. 6686 to promulgate rules establishing the rights and conditions under which dealers conduct "off-site" sales.

Ancillary to their suit for declaratory judgment, appellants sought a temporary injunction prohibiting the agency from enforcing its new rules or from preventing appellants from conducting "off-site" sales.

After hearing, the district court refused to temporarily enjoin the agency from enforcing its rules. It is from the district court's order refusing the application for a temporary injunction that appellants have perfected their appeal.

Appellants assail the district court's order by eleven points of error, the first ten of which are directed to the district court's refusal to render a declaratory judgment on those issues in controversy. The district court's hearing, and its order, addressed only appellants' application for temporary injunctive relief from enforcement of the agency's rules pending a final disposition of the declaratory judgment suit on the merits.

 The district court properly considered only appellants' application for temporary injunctive relief because the merits of the underlying declaratory judgment suit were not in issue. Likewise, in an appeal from an order denying (or granting) an application for a temporary injunction, appellate review is confined to the validity of the order denying (or granting) the injunctive relief and the merits of the underlying lawsuit are not presented for review. *Davis v. Huey,* 571 S.W.2d 859 (Tex.1978). Indeed, appellate consideration of the merits of the underlying lawsuit in an appeal of a temporary order is error. *Id.*

 In their eleventh point of error, appellants complain that the district court erred in denying their application for a temporary injunction. In a hearing on an application for a temporary injunction, the only question before the trial court is the appellant's right to the preservation of the *status quo* of the subject matter of the

---

**1.** The State Department of Highways and Public Transportation.

suit, pending a final trial on the merits. To warrant the issuance of a temporary injunction, the applicant need only show a probable right and a probable injury; he is not required to establish that he will finally prevail in the litigation. The trial court is clothed with broad discretion in determining whether the pleadings and evidence present a case of probable right and probable injury. The trial court's order in issuing or denying the writ of injunction will be reversed only on a showing of a clear abuse of discretion. *Transport Co. of Texas v. Robertson Transports,* 152 Tex. 551, 261 S.W.2d 549 (1953).

■ The parties' dispute is focused upon the existence *vel non* of appellants' probable right to a judgment declaring the agency rules invalid. Appellants suggest, first, that the rules are invalid because the agency failed to "substantially" comply with the rule-making procedures of Tex.Rev.Civ. Stat.Ann. art. 6252–13a, § 5. "Substantial compliance" with rule-making procedure is mandated by § 5(e). Appellants complain specifically that:

(1) the agency's notice did not specifically refer to H.B. 153, the amendment to art. 6686, the authority under which the rules were promulgated, § 5(a)(3);

(2) the agency's final order did not contain a specific reference to H.B. 153 nor did the order contain an explanation as to how the agency construed art. 6686 to authorize or require the rule, § 5(c–1)(2).

(3) the notice of public benefits expected from the rule is "cryptic", § 5(a)(5)(A).

(4) the agency's "reasoned justification of the rule" in the final order merely finds that art. 6686 mandates the promulgation of the rule without an examination and resolution of competing policies, § 5(c–1)(1).

Resolution of the meaning of "substantial compliance" in the context of rule-making, and application of those principles to the agency rule-making procedures in this cause, must await appellate review of the judgment on the merits. Suffice it to say,

for purposes of this appeal, that some commentators in determining the sufficiency of compliance with rule-making procedures investigate primarily the prejudice *vel non* suffered by the parties to the proceeding to determine whether reversible error has resulted. Shannon and Ewbank, *The Texas Administrative Procedure and Texas Register Act Since 1976—Selected Problems,* 33 Baylor L.Rev. 393, 430 (1981); I Cooper, State Administrative Law 193 (1965); 73 C.J.S., Public Administrative Law and Procedure, § 110 (1983). On the other hand, other writers assert that the error must be harmless not only to parties, but also harmless to the unknown members of the public "conceivably prejudiced" and harmless to "the purposes of insuring strict compliance with the rule-making requirements of the . . . Act." Bonfield, State Administrative Lawmaking, § 6.13.1, at 364 (1986).

This Court is not persuaded that the trial court abused its discretion in failing to conclude that any asserted shortcomings in the agency rule-making procedures probably harmed the parties to the proceeding or unknown members of the public.

The appellants' second major argument is that the agency rules are in conflict with art. 6686 and, accordingly, are invalid. Appellants claim that art. 6686, as amended, affirmatively permits "off-site" sales within the limits of a city where the dealer has a general distinguishing number.

In support of their position, appellants emphasize that the amendment to art. 6686, quoted above, allows dealers to operate at *more than one* location "within the limits of a city," so long as they have a general distinguishing number supported by a permanent place of business. Art. 6686(a)(1–A)(vi)(A). The amendment's plain implication, appellants argue, is that only the location supporting the general distinguishing number need be permanent, while other locations operated by the same dealer within the city need not be so restricted.

Appellees respond that the term "location" is defined within the statute as "an established and permanent place of business," art. 6686(a)(1–A)(vi)(A), and, hence, that sales of cars from "off-site" locations

can never be permissible. As an alternate position, appellees claim that if the term "location" is subject to different interpretations, then the agency charged with administering the statue has discretion to promulgate rules to eliminate the confusion.

Each contender bolsters its arguments with references to the statements of various legislators and legislative committee witnesses involved in the passage of the amendment, and with references to other sections of article 6686 supportive of its respective position. We need not detail these supporting arguments, since in our view none is conclusive as to the correct interpretation of the amendment to art. 6686.

From an examination of art. 6686, it appears to this Court that the statute may be arguably subject to a range of legitimate constructions. In this limited appeal, this Court cannot fairly conclude that the district court abused its discretion in determining that the agency had authority under art. 6686 to promulgate the rules in question. Point of error eleven is overruled.

The judgment is affirmed.