Randall L. SHERROD, Acting as Randall County Criminal District Attorney; and Randall L. Sherrod, Acting on Behalf of Randall County, Appellant,

v.

Lyndell MOORE, Randall County Auditor and Geneva Bagwell, Randall County Treasurer, Appellees.

No. 07–91–0167–CV.

Court of Appeals of Texas, Amarillo.

Oct. 17, 1991.

Opinion on Rehearing Nov. 25, 1991.

Rehearing Denied Dec. 27, 1991.

Randall L. Sherrod, Crim. Dist. Atty., Canyon, Kay Davis, Asst. Crim. Dist. Atty., for appellant.

Ford & Ferraro, Aaron L. Jackson, Daniel Byrne, Austin, for appellees.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

BOYD, Justice.

In this proceeding, appellant Randall Sherrod, acting in his capacity as Criminal District Attorney, and also acting for Randall County, pursuant to § 41.009 of the Texas Government Code[1] seeks an injunction restraining appellees Lyndell Moore, in his capacity as Randall County Auditor, and Geneva Bagwell, in her capacity as Randall County Treasurer, from the expenditure of certain funds. From an interlocutory order denying a temporary injunction, he brings this accelerated appeal. We affirm.

In two points of error, appellant asserts that the trial court abused its discretion in concluding that appellant (1) failed to establish a probable right of recovery, and (2) failed to prove that no adequate legal remedy exists for the harm alleged.

In 1987, the Randall County Commissioner's Court, by publication in a local newspaper, gave notice of intention to issue Certificates of Obligation for the purpose of constructing and equipping jail facilities. The Commissioner's Court thereafter authorized the issuance of the certificates and they were issued. On April 22, 1991, the Commissioner's Court authorized the payment, out of certificate of obligation funds, of certain architect's fees for the construction of a regional juvenile detention facility to be built in Randall County. This action gave rise to the instant suit.

Initially, we note that appellate review of an order granting or denying a temporary injunction is strictly limited to determination of whether there has been a clear abuse of discretion by the trial court in granting or denying the interlocutory order and the merits of the underlying action are not presented for review. Indeed, appellate consideration of the merits of the underlying lawsuit is error, for the reviewing court may not assume that the evidence taken at a preliminary hearing will be the same as the evidence developed at a full trial on the merits. Moreover, the reviewing court may not substitute its judgment for that of the trial court. *Davis v. Huey*, 571 S.W.2d 859, 861 (Tex.1978); *Publ. Util. Comm'n of Texas v. Gen. Tel. Co. of the Southwest*, 777 S.W.2d 827, 829 (Tex.App.—Austin 1989, writ dism'd); *Hertz Corp. v. State Dept. of Highways*, 728 S.W.2d 917, 919 (Tex.App.—Austin 1987, no writ).

In the seminal case of *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238 (Tex.1985), the court instructs us as to the test to be applied in determining whether a trial court has abused its discretion. It says:

The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action. Rather, it is a question of whether the court acted without reference to any guiding rules and principles. (citation omitted). Another way of stating the test is whether the act was arbitrary or unreasonable. (citations omitted). The mere fact that a trial judge may decide a matter in a different manner than an appellate judge in a similar circumstance does not dem-

---

**1.** Section 41.009 states: If a district or county attorney learns that an officer in his district or county who is entrusted with the collection or safekeeping of public funds is neglecting or abusing the trust confided in him or is failing to discharge his duties under the law, the district or county attorney shall institute the proceedings that are necessary to compel the performance of the officer's duties and to preserve and protect the public interest.

onstrate that an abuse of discretion has occurred.

*Id.* at 241–42.

Appellant contends that the expenditures in question would be illegal because (1) a juvenile detention facility was not one of the lawful purposes for which the Certificates of Obligation could issue, and (2) the public did not have adequate notice that the funds were to be used for the construction of a juvenile detention facility. His contention is that a juvenile detention facility is not a jail facility.

■ Reiterated, appellant contends in his first point that the trial judge erred in concluding that appellant failed to prove a probable right of recovery. It is well established that a probable right of recovery is one of the elements that must be established for a party to be entitled to a temporary injunction. *E.g., State v. Cook United, Inc.,* 464 S.W.2d 105, 106 (Tex.1971); *Camp v. Shannon,* 162 Tex. 515, 348 S.W.2d 517, 519 (1961).

■ At the hearing, appellant placed his primary reliance upon statutory provisions, which, he argued, demonstrate his point. These statutes were tendered and received in evidence at the hearing as defendant's exhibit # 4. One of those provisions is contained in Texas Family Code § 51.12 (Vernon 1986). That section describes the required place and conditions of detention of juveniles.[2] Section 51.12(a) states "a child shall not be detained or committed to a compartment of a jail ... in which adults ... are detained or committed."

Appellant contended that, while § 51.-12(a) provides a juvenile detention facility may be located in a compartment of a jail, the facility itself is not a jail but is, rather, a component part of a jail which is not itself a jail. However, that interpretation is inconsistent with the explicit language of § 51.12(c) (Vernon Supp.1991) that extra requirements must be met "if the detention facility is a county jail." The trial judge could reasonably have concluded that lan-

guage indicated a legislative determination that a "detention facility," and a "county jail" were not necessarily separate and distinct concepts.

Appellant also contended that the standards required of juvenile detention facilities under § 51.12(c) additional to those required of county jails indicate that the two represent different concepts and that a detention facility is not a jail. However, the trial judge could well have concluded that, while county jails are a specific type of confinement facility and have certain types of requirements to meet concerning the individuals whose liberty is restrained in those facilities, juvenile detention facilities are also a specific type of confinement facilities in which the freedom of certain individuals is restrained necessitating certain types of requirements to meet concerning those individuals. While those requirements may be different, the reason for existence of both is to detain, and restrain the freedom of, both types of individuals thereby establishing a basic similarity between the two.

In Black's Law Dictionary (5th ed. 1989), jail is, inter alia, defined as "a building designated by law, or regularly used, for the confinement of persons held in lawful custody." *Id.* at 748. The judge could well have concluded that a juvenile *detention* facility would fit within that definition. He could also reasonably have concluded that the administrative provisions which differ between juvenile detention facilities and other jail facilities did not change that basic similarity between the two.

Parenthetically, the record reveals that the trial judge also had before him evidence of an Attorney General's opinion construing § 51.12(a). The opinion states, "[T]he juvenile detention facility may be located in the same building as a county jail." Op. Tex. Att'y Gen. No. H–363 (1974). While such opinions are not binding on the courts, and it is the trial judge's duty to enter upon an independent inquiry, such opinions may be of persuasive value. *E.g., Jessen As-*

---

**2.** Future references to code numbers are to the Texas Family Code unless otherwise specifically

stated.

socs., *Inc. v. Bullock,* 531 S.W.2d 593, 598 n. 6 (Tex.1975); *Jones v. Williams,* 121 Tex. 94, 45 S.W.2d 130, 131 (1931). This is particularly true in the case of a decision upon an interlocutory matter such as the instant one. The trial judge could reasonably have concluded that the difference of nomenclature was not sufficient to show an actual distinction and the Attorney General opined that the two could be located in the same building because both served the same purpose of a restraint of liberty and thus were both "jails."

The next cited provision is § 51.13(a) which provides that an adjudication or disposition of a juvenile under the Family Code is not a conviction of a crime. Also cited is the proviso in § 51.13(c) that "[a] child may not be committed or transferred to a penal institution or other facility used primarily for the execution of sentences of persons convicted of crime, except: (1) for temporary detention in a jail or lockup ... under conditions meeting the requirements of Section 51.12." In addition, the requirement contained in § 17.03(h) was cited that states, "When a child is taken into possession under this section that child shall not be held in isolation or in a jail or juvenile detention facility." It might be argued that the reason for the difference in treatment required of a juvenile from that of an adult is because a juvenile prosecution is civil rather than criminal in nature. Therefore, a detention facility for juveniles originates from a noncriminal prosecution and must be different from a jail facility for the detention of criminal defendants.

However, while such an argument has some credence and might have supported a trial court acceptance, the court's refusal to agree with it does not require reversal under this record. The trial judge could reasonably have concluded that a court ordered restraint of a juvenile's freedom is at least quasi-criminal in nature and a detention facility to accomplish that restraint is a de facto jail facility.

Also addressed in exhibit # 4 is section 62 of the Texas Human Resources Code. That section governs financing for juvenile detention facilities while financing for jail facilities is covered in Tex.Local Gov't Code §§ 351.001 to 351.015. Again, appellant relies upon the fact that those different financial provisions required a conclusion that juvenile detention and jail facilities are two separate things. However, the trial judge could reasonably have concluded that the legislature recognized that the special requirements of a juvenile detention facility required special financing but that difference in financial needs does not change the basic function of the facility. Thus, he might reason, the primary function of a detention facility is to detain juveniles until the charges against them are disposed of. That function is so similar to that performed by a jail, that it would not be irrational to conclude they fall within the same general category.

In the exhibit, Tex.Rev.Civ.Stat.Ann. art. 718 (Vernon 1964), which appears to distinguish between county jails on one hand and "homes and schools for dependent and delinquent children," was also cited and the argument made that the difference supports a conclusion that jail and juvenile detention facilities are disparate entities. However, under this record, we do not believe it would be irrational for the trial judge to conclude that "homes and schools for dependent and delinquent children" are different in nature from, and not synonymous with, a facility for the detention of juveniles.

In the exhibit, reference was also made to the statutes allowing for multi-county operation and funding of a jail, now contained in Tex.Local Gov't Code §§ 351.001 through 351.015. Again, the argument was made that the fact that different statutes govern jails and juvenile detention facilities support appellant's position that a juvenile detention facility is not a jail. However, Tex.Local Gov't Code § 351.-121(5) (Vernon Supp.1991), defines "jail facility" as including a juvenile detention facility. While that definition is limited to that subchapter, it is persuasive that a juvenile detention facility can be a jail facility.

Review of the exhibit reveals that of the statutes before the trial judge, the two

most explicit appear to recognize that a juvenile detention facility may fit within the general category of a jail. Section 51.12 states that a juvenile detention facility must meet extra requirements "if the detention facility is a county jail." Tex. Fam.Code Ann. § 51.12(c) (Vernon Supp. 1991). Section 351.121 of the Texas Local Government Code states, "In this subchapter: ... (5) 'Jail facility' includes a juvenile detention facility." Tex.Loc.Gov't Code Ann. § 351.121 (Vernon Supp.1991).

In summary, the trial judge, considering only the propriety of a temporary injunction on the record before him, was not convinced appellant carried his burden to establish a probable right to recover on the basis a juvenile detention facility was not one of the lawful purposes for which the proceeds of the Certificates of Obligation might be expended. In light of the record now before us, and applying the test for determining an abuse of discretion explicated in the *Downer* case, we do not find that the trial judge abused his discretion in reaching that conclusion.

Accordingly, appellant's first point is overruled. That decision obviates the necessity for discussing appellant's second point of error or appellees' reply point four. The trial court order denying the temporary injunction is affirmed.

### ON MOTION FOR REHEARING

In his motion for rehearing, in two points, appellant asserts we erred in our original opinion (1) by failing to address appellant's contention that he showed a probable right to recover on the ground that the notice published was legally inadequate, since the notice represented that the certificates of obligation would be issued for constructing and equipping jail facilities rather than a regional juvenile detention facility, and (2) in holding that appellant failed to show a probable right to recover on the basis that a juvenile detention facility is not one of the lawful purposes for which the proceeds of the certificates of obligation may be issued, because the court of appeals failed to construe the certificate of obligation act in so deciding.

Initially, we must again emphasize that appellate review of an order granting or denying a temporary injunction is strictly limited to a determination whether, under the record before it, there has been an abuse of discretion by the trial judge in granting or denying the interlocutory order and the merits of the underlying action are not presented for review. *Davis v. Huey,* 571 S.W.2d 859, 861–62 (Tex.1978).

At the temporary injunction hearing, appellant contended that notice was given for construction of a jail. He further asserted that a juvenile detention facility is not a jail. Therefore, notice with regard to a jail facility was not proper notice if a juvenile detention facility is not a jail. We have held that, under the record before him, the trial judge could have reasonably determined that a juvenile detention facility is a jail. Thus, he did not abuse his discretion in determining that appellant was not entitled to a temporary injunction pending a final decision of the case.

In his motion for rehearing, appellant now asserts that even if a juvenile detention facility be considered a jail, "jail" is too broad a term to comply with the notice requirements of the Certificate of Obligation Act. Parenthetically, he argues those notice requirements must be given a strict construction. However, since examination of the record does not show that this contention was presented to the trial judge, it cannot support a determination that the judge abused his discretion in failing to grant the temporary injunction. Additionally, appellant failed to argue this contention in his brief. It is well established that points of error raised for the first time in a motion for rehearing are too late and will not be considered. *Morrison v. Chan,* 699 S.W.2d 205, 207 (Tex.1985); *Watson v. Glens Falls Insurance Company,* 505 S.W.2d 793, 797 (Tex.1974); *Tex. Alcoholic Beverage Com'n v. Sfair,* 786 S.W.2d 26, 27 (Tex.App.—San Antonio 1990, writ denied); *First State Bank, Morton v. Chesshir,* 634 S.W.2d 742, 748 (Tex.App.—Amarillo 1982, writ ref'd n.r.e.).

Appellant also asserts that we erred in holding that he failed to show a probable

right to recover on the basis that a juvenile detention facility is not one of the lawful purposes for which such certificates may be issued, because we failed to construe the Certificate of Obligation Act. Appellant misconstrues the holding of this court. Our holding was that the trial judge could reasonably have concluded that, under the record before him, appellant failed to show his probable right to recover and did not, therefore, abuse his discretion in refusing to issue a temporary injunction before trial on the merits.

Appellant's points of error contained in his motion for rehearing are overruled.