**QUERENCIA PROPERTIES, S. DE R.L. DE C.V. and Gaylord Holdings, Inc., Appellants**

v.

**NEW QUERENCIA CAPITAL PARTNERS, L.L.C. and Fidelity National Financial Global Solutions, Appellees.**

No. 05–05–01029–CV.

Court of Appeals of Texas, Dallas.

Aug. 23, 2006.

---

Thomas E. Kurth, Debra Janece McComas, Haynes and Boone, L.L.P., Dallas, for appellants.

Paul D. Pruitt, Irving, J. Michael Dorman, Locke Liddell & Sapp, LLP, Houston, for appellees.

Before Justices WHITTINGTON, BRIDGES, and RICHTER.

## OPINION

Opinion by Justice BRIDGES.

Querencia Properties, S. de R.L. de C.V. (Querencia) and Gaylord Holdings, Inc. (GHI) appeal the trial court's summary judgment in favor of New Querencia Capital Partners, L.L.C. (New Querencia) and Fidelity National Financial Global Solutions (Fidelity). In two issues, Querencia and GHI argue the trial court erred in (1) granting New Querencia's motion for sum-

mary judgment and denying Querencia and GHI's motion and (2) granting declaratory relief in the form of a return of New Querencia's earnest money from the underlying transaction. We affirm the trial court's judgment.

In April 2004, New Querencia agreed to purchase a golf and resort property in Mexico from Querencia and GHI for the price of $16 million. New Querencia originally deposited $750,000 as earnest money and subsequently exercised its option under the contract to increase the deposit by $250,000 to extend the closing to June 15, 2004. Among other things, the contract required that all easements over and rights to use all of the properties traversed by the aqueduct which supplied the property with water were to be duly executed and inscribed in the Public Registry of Property, in form and extent satisfactory to the parties' counsel, prior to closing. The contract also stated, "Time is of the essence of this Contract." By its terms, the contract was not subject to modification or amendment, except by an agreement in writing signed by the parties. The contract contemplated New Querencia's formation of a "Designee Purchaser" which, "[o]n the Closing Date," would be "a duly organized and existing commercial company under the laws of the United Mexican States" with "full power and authority to perform its obligations" under the contract. However, the assignment from New Querencia to the Designee Purchaser would not release New Querencia from any duties or obligations under the contract.

After the contract was signed, it became apparent that the approximately twelve-mile aqueduct that provided the main source of irrigation water for the golf course and residential development traversed both public and private lands. However, no easements had ever been executed by the landowners permitting the transit of the aqueduct across their properties. In fact, Querencia was unable to identify all the landowners or the portions of their properties traversed by the aqueduct. Accordingly, New Querencia sought to identify the landowners, obtain a survey showing the boundaries of the affected properties, and have the landowners execute written easements which could then be recorded in the Public Registry of Property as required by the contract.

William Signet, an attorney representing New Querencia in the transaction, assisted Querencia's agents in the preparation of the easement documents, and the easement documents were delivered to Querencia on the morning of June 12, 2004. However, the easements were not "duly executed" or "inscribed in the Public Registry of Property" by June 15, 2004, as required by the contract. On June 15, 2004, "[g]iven that closing was to occur today and that conditions remain unsatisfied and documents not completed," New Querencia notified Querencia in writing that it was terminating the contract due to a failure of "one or more of the conditions" described in the contract. Accordingly, New Querencia stated, it was entitled to a full refund of the earnest money. New Querencia stated its intention to leave the money on deposit with the title company and its willingness to "[seek] a mutually beneficial and satisfactory basis to resolve the obstacles and conclude the purchase." However, New Querencia reserved its right to require the refund of the earnest money at any time. On June 16, 2004, Querencia responded that the failure to close the transaction was the fault of New Querencia alone, and Querencia was therefore entitled to keep the earnest money. Subsequent attempts to close the transaction broke down, and Querencia sold the property to another buyer in July 2004.

On July 21, 2004, New Querencia filed its original petition seeking a declaratory judgment awarding it the earnest money, plus attorney's fees. In October 2004, New Querencia filed its first amended petition which added an alternative cause of action for breach of contract. Both sides subsequently filed motions for summary judgment. The trial court granted New Querencia's motion and denied Querencia's. This appeal followed.

In their first issue, Querencia and GHI argue the trial court erred in granting summary judgment for New Querencia and denying their motion for summary judgment. Specifically, Querencia and GHI argue (1) New Querencia failed to form entities to act as Designee Purchaser, thereby defaulting under the contract and preventing the closing on June 15, 2004; (2) New Querencia assumed the responsibility for drafting the aqueduct easements but did not deliver final acceptable drafts of the easements to Querencia for execution and recordation until June 18, 2004; and (3) fact issues exist whether New Querencia timely formed the Designee Purchaser entities or assumed the obligation for drafting the easements and prevented Querencia from executing and inscribing them and whether Querencia or New Querencia committed the first material breach of the contract.

 The standard of review of a summary judgment is well established. *See Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548 (Tex.1985). When both parties move for summary judgment, each party "bears the burden of establishing that it is entitled to judgment as a matter of law." *Guynes v. Galveston County,* 861 S.W.2d 861, 862 (Tex.1993). A motion for summary judgment must itself expressly present the grounds upon which it is made and must stand or fall on those grounds alone. *Espalin v. Children's Med. Ctr. of Dallas,*

27 S.W.3d 675, 688 (Tex.App.-Dallas 2000, no pet.).

 When the summary judgment order does not state the grounds upon which it is based, the party challenging the order must show that each of the independent arguments alleged in the motion is insufficient to support the order. *Jones v. Hyman,* 107 S.W.3d 830, 832 (Tex.App.-Dallas 2003, no pet.); *Williams v. City of Dallas,* 53 S.W.3d 780, 785 (Tex.App.-Dallas 2001, no pet.). When we review cross-motions for summary judgment, we consider both motions and render the judgment the trial court should have rendered. *Coastal Liquids Transp., L.P. v. Harris County Appraisal Dist.,* 46 S.W.3d 880, 883 (Tex. 2001).

 Among other things, significant circumstances in determining when a party's duties are discharged under a contract due to the other party's material breach include: (1) the extent to which it reasonably appears to the injured party that delay may prevent or hinder him in making reasonable substitute arrangements and (2) the extent to which the agreement provides for performance without delay, but a material failure to perform or to offer to perform on a stated day does not of itself discharge the other party's remaining duties unless the circumstances, including the language of the agreement, indicate that performance or an offer to perform by that day is important. *Mustang Pipeline Co. v. Driver Pipeline Co.,* 134 S.W.3d 195, 199 (Tex.2004) (citing Restatement (Second) of Contracts § 242 (1981)).

 Here, it was Querencia's responsibility under the contract to ensure that all easements over and rights to use all of the properties traversed by the aqueduct which supplied the property with water were duly executed and inscribed in the Public Registry of Property, in form and

extent satisfactory to the parties' counsel, prior to closing. New Querencia's attorney, Signet, and his staff assisted in the preparation of the easements and provided them to Querencia on June 12, 2004. Nevertheless, the contract's provision making Querencia responsible for the easements was never amended or modified in writing, as required under the contract. Further, Signet provided the easements to Querencia with three days remaining in which Querencia could have had the easements executed and inscribed in the Public Registry of Property. Querencia argues the easements were not "final acceptable drafts of the easements" because, after the June 15 Closing date, the easements were changed in the process of further negotiations to correct an error in the property descriptions. However, there is no evidence that Querencia relied on knowledge of this latent defect in the easements when it failed to have the easements executed and recorded by the date set for closing. Thus, despite the fact that time was of the essence of the underlying contract, Querencia failed to perform by the June 15 deadline. Querencia argues New Querencia prevented Querencia from executing and recording the easements, but the record shows Querencia had the easements on June 12.

In addition, Querencia argues New Querencia's failure to form entities to act as Designee Purchaser was the real reason the transaction failed to close on June 15. On the contrary, we conclude the record shows Querencia's failure to execute the easements and record them amounted to a material breach which justified New Querencia's termination of the contract on June 15 when the transaction failed to close. *See Mustang Pipeline,* 134 S.W.3d at 199–200. The record further shows two of New Querencia's principals had formed a Mexican corporation, Del Mar Management, in 1998. The record indicates Del Mar Management could have served as the Designee Purchaser if Querencia had complied with the terms of the contract. We have reviewed the record, and we conclude the trial court correctly entered summary judgment in favor of New Querencia, denied Querencia's motion, and ordered the title company to pay the earnest money to New Querencia. *See Nixon,* 690 S.W.2d at 548; *Mustang Pipeline,* 134 S.W.3d at 199–200. We overrule Querencia and GHI's first issue.

■ In their second issue, Querencia and GHI argue the trial court erred in awarding New Querencia its attorney's fees under the Declaratory Judgment Act. Specifically, Querencia argues that whether a party breached a contract is not the proper subject of a declaratory judgment action. Further, Querencia argues New Querencia's claim for declaratory relief was improperly duplicative of its breach of contract claim. We disagree.

In a suit for declaratory judgment, a court of record within its jurisdiction has power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. Tex. Civ. Prac. & Rem.Code Ann. § 37.003(a) (Vernon 1997). The purpose of declaratory judgments is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and it is to be liberally construed and administered. Tex. Civ. Prac. & Rem.Code Ann. § 37.002(b) (Vernon 1997). Querencia cites cases, and New Querencia concedes, that a declaratory judgment is not the proper remedy if a factual dispute is the only issue to be resolved. *See, e.g., Emmco Ins. Co. v. Burrows,* 419 S.W.2d 665, 671 (Tex.Civ.App.-Tyler 1967, no writ). Here, New Querencia sought declaratory judgment that it was entitled to the return of its earnest money under the

contract. New Querencia did not assert a cause of action for damages for breach of contract but only added breach of contract as an alternative cause of action to the extent it argued Querencia's refusal to return the earnest money constituted a breach of contract. Thus, a factual dispute was not the only issue to be resolved. *Cf., id.* We conclude nothing precluded the trial court from proceeding with New Querencia's declaratory judgment action and entering summary judgment thereon. In a declaratory judgment action, the court may award costs and reasonable and necessary attorney's fees as are equitable and just. TEX. CIV. PRAC. & REM.CODE ANN. § 37.009 (Vernon 1997). Querencia and GHI do not argue the award of attorney's fees to New Querencia was inequitable or unjust, and our review of the record indicates the fees were reasonable and necessary. *See id.* Accordingly, we overrule Querencia's and GHI's second issue.

We affirm the trial court's judgment.