Appellant=s and Appellee=s Motions for Rehearing Overruled; Supplemental
Opinion on Rehearing filed April 3, 2008








Appellant=s and Appellee=s
Motions for Rehearing Overruled; Supplemental Opinion on Rehearing filed April
3, 2008.  

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-00860-CV

_______________

 

AVCO CORPORATION, TEXTRON LYCOMING RECIPROCATING
ENGINE DIVISION OF AVCO CORPORATION, Appellant

 

V.

 

INTERSTATE SOUTHWEST, LTD., Appellee

                                                                                                                                               


On Appeal from the 278th District Court

Grimes County, Texas

Trial Court Cause No. 29,385

                                                                                                                                               


 

S U P P L E M E N T A L    O P I N I
O N    O N   R E H E A R I N G








In its motion for rehearing, Lycoming
argues this court erroneously concluded that it did not challenge the portion
of the declaratory judgment in which the trial court stated that a design
defect was the sole cause of the crankshaft failures.  Lycoming then argues
that this portion of the judgment should be reversed because it (a) is a
restatement of a factual finding unconnected to any form of relief that
survives our November 1, 2007 decision, (b) is tainted by evidentiary error,
and (c) conflicts with our ruling that Aspecifically preserves Lycoming=s right to pursue indemnity and other
recovery against IFI and ISW under a variety of possible theories of law.@[1]  We deny Lycoming=s motion for rehearing[2]
and issue this supplemental opinion to clarify the reasons for this ruling.[3] 


I.  Issues
Presented by Lycoming on Motion for Rehearing

A.        Alleged
Challenge to Declaratory Judgment 2[4]  








ADeclaratory Judgment 2@ consists of the trial court=s statement, AA defect in [Lycoming]=s design of the crankshafts was the
sole cause of the crankshaft failures and the resulting service bulletins,
airworthiness directives, crankshaft recall and grounding of aircraft with
Lycoming engines . . . .@ Lycoming argues that it challenged
Declaratory Judgment 2 in the issue that we identified as Issue Fifteen, in
which Lycoming argued that the findings of the jury and the trial court Afail to provide a basis for the
declaratory judgment and other equitable relief, as well as attorneys= fees, awarded by the trial court[.]@[5] Specifically, Lycoming refers us to
pages 29B30 of its opening brief, in which it
argues as follows:

The
declaratory relief claim also fails because the trial court did not make the
necessary findings to support such relief.  The court signed ISW=s proposed judgment exactly as ISW
submitted it and thus merely adopted the jury=s finding in response to Question 8 that A[a] defect in Defendant AVCO
Corporation=s design of the crankshafts was the sole cause of the crankshaft failures
and the resulting service bulletins, airworthiness directives, crankshaft
recall and grounding of aircraft with Lycoming engines.@  This finding, however, is
insufficient to support the declaratory relief the court entered because
Question 8 does not address the MSA=s indemnity provision, as ISW=s counsel conceded. 

(emphasis added, record citations
omitted).  We agree that the finding (i.e., the jury=s sole-cause finding) does not
support the Adeclaratory relief@ entered (i.e., the declaration of the parties= rights and duties in Declaratory
Judgments 3B5 of the Final Judgment).  But we disagree that the statement in
Declaratory Judgment 2  that a design defect is the sole cause of the failures
is included in Athe declaratory relief@ that Lycoming=s brief describes.

Lycoming argued that the jury=s finding does not support the
declaratory relief entered because the finding Adoes not address the MSA=s indemnity provision . . . .@  On its face, this argument applies
to Declaratory Judgments 3, 4, and 5, which purport to address the MSA=s indemnity provision.  But
Declaratory Judgment 2 does not address the indemnity provision.  Moreover,
Declaratory Judgments 3, 4, and 5 offer Adeclaratory relief@ because in these portions of the
judgment, the trial court declares the rights of the parties, albeit
erroneously.








See Tex. Civ.
Prac. & Rem. Code Ann. ' 37.003(a) (Vernon 1997) (AA court of record within its
jurisdiction has power to declare rights, status, and other legal relations whether
or not further relief is or could be claimed.@) (emphasis added).  But in Declaratory
Judgment 2, the trial court merely repeats the jury=s factual finding; it offers no Adeclaratory relief@ because it makes no declaration of
the rights, status, or other legal relations between the parties.  See
Indian Beach Prop. Owners= Ass=n v. Linden, 222 S.W.3d 682, 699 (Tex. App.CHouston [1st Dist.] 2007, no pet.) (AThe power to determine an issue of
fact, however, >does not concomitantly carry with it the power to render such
a finding of fact as a declaratory judgment.=@ (quoting Hill v. Heritage Res.,
Inc., 964 S.W.2d 89, 140 (Tex. App.CEl Paso 1997, pet. denied))).  

We must also emphasize that Lycoming
did not challenge Declaratory Judgment 2 on the basis that it is a bare
statement of fact, and did not previously contend that a declaratory judgment Ais not the proper remedy if a factual
dispute is the only issue to be resolved.@  See Querencia Props., S. de R.L.
de C.V. v. New Querencia Capital Partners, L.L.C., 224 S.W.3d 348, 352
(Tex. App.CDallas 2006, no pet.); Emmco Ins. Co. v. Burrows, 419 S.W.2d 665,
671 (Tex. Civ. App.CTyler 1967, no writ).  To the contrary, in the quoted
language in its brief, Lycoming only argued that the sole-cause finding is
insufficient to support Athe declaratory relief the court entered@ because the finding does not also
address indemnity.   On its face, then, this argument appears to challenge the
declarations concerning the right to indemnity (i.e., Declaratory Judgments 3,
4, and 5), and does not appear to challenge Declaratory Judgment 2.   








In contrast, Lycoming=s argument on rehearing is based on
the premise that the trial court=s repetition of the jury=s Asole cause@ finding is Adeclaratory relief@ to which the argument in Lycoming=s Appellate Brief applies.  But if
this is so, then the argument in Lycoming=s Appellate Brief is circular. 
Specifically, if Declaratory Judgment 2 is part of the Adeclaratory relief@ included in the challenge as
briefed, then Lycoming=s argument with respect to this portion of the judgment can
be restated as follows: AThe jury=s finding that design defect was the sole cause of the
crankshaft failures is insufficient to support the trial court=s declaration that design defect
was the sole cause of the crankshaft failures because the jury=s finding does not address the MSA=s indemnity provision.@  Reduced to its simplest form,
Lycoming=s argument is that AA@ does not equal AA,@ because AA@ does not equal AA + B.@[6]  

If this argument presents a challenge
to Declaratory Judgment 2, then further explanatory argument was required.  If
we had considered the trial court=s statement to be Adeclaratory relief@ encompassed within the argument
presented in Lycoming=s original brief, then contrary to Lycoming=s assertion on appeal, and in the
absence of an explanatory argument, it would seem logically unassailable that a
jury=s finding of fact is sufficient
support for a trial court=s recitation of the same fact.[7] 
Thus, if we had read Lycoming=s brief as presenting this argument, we would have considered
the argument waived for inadequate briefing.  See Tex. R. App. P. 38.1(h); Jordan v.
Jefferson County, 153 S.W.3d 670, 676 (Tex. App.CAmarillo 2004, pet. denied). 
Instead, we read Lycoming=s brief to present the logical argument that the declaration
of the parties= rights in Declaratory Judgments 3, 4, and 5, which do address the
MSA=s indemnity provision, is not
supported by the jury=s sole-cause finding that does not address the MSA=s indemnity provision.  This
argument, which follows the form AA  A + B,@ does not suffer from the logical
inconsistency of the argument previously discussed.     

B.        FAA Report








Lycoming also contends it Aargued at length that the trial court=s exclusion of the FAA report was a
highly prejudicial error that directly impacted all of ISW=s claims.@[8]  But in response to ISW=s hearsay objection at trial,
Lycoming stated that the FAA report was not offered for the truth of the
matters asserted, but was instead offered to show Lycoming=s state of mind in connection with
the fraud claims.  Not only is evidence of Lycoming=s state of mind irrelevant to the
determination of the actual cause of the crankshaft failures, but the argument
now advanced conflicts with Lycoming=s position at trial.

C.        No
Specific Preservation of Right to Pursue Indemnity

Lycoming further argues as follows:

This Court=s opinion directly conflicts with
Declaratory Judgment 2 in another, even more explicit way.  The opinion
specifically preserves Lycoming=s right to pursue indemnity and other recovery against IFI
and ISW under a variety of possible theories of law.  Yet ISW has already begun
to publicly assert that Declaratory Judgment 2 somehow precludes such recovery,
in disregard of this Court=s express language to the contrary.[[9]]
 In short, this Court should reverse Declaratory Judgment 2 in order to
ensure that its November 1 judgment is fully vindicatedBand not undermined by ISW, as ISW has
already made clear that it and IFI hope to do.[[10]]

But our opinion does not Aspecifically preserve[] Lycoming=s right to pursue indemnity and other
recovery against IFI and ISW@ as Lycoming asserts.  To the contrary, we emphasized that
one reason that the trial court=s declaratory judgments were overbroad is that Lycoming=s right to pursue other claims under
unidentified theories of recovery was not at issue.[11] 
Thus, we have not and do not express an opinion on the availability of any
other unidentified theories of indemnity.  

II. 
Conclusion








Lycoming did not previously argue
that the recitation of the jury=s finding in Declaratory Judgment 2, unconnected to any
surviving claim, was an improper application of the Declaratory Judgment Act. 
Generally, we do not base our rulings on arguments raised for the first time on
rehearing.  Sherrod v. Moore, 819 S.W.2d 201, 205 (Tex. App.CAmarillo 1991, no writ) (AIt is well established that [issues]
raised for the first time in a motion for rehearing are too late and will not
be considered.@ (citing Morrison v. Chan, 699 S.W.2d 205, 206B07 (Tex. 1985))); see also Brown
v. Hearthwood II Owners Ass=n, Inc., 201 S.W.3d 153, 161 (Tex. App.CHouston [14th Dist.] 2006, pet.
denied) (holding that failure to Aadvance substantive analysis waives
the issue on appeal@); Cont=l Dredging, Inc. v. De-Kaizered, Inc., 120 S.W.3d 380, 400 (Tex. App.CTexarkana  2003, pet. denied) (op. on
reh=g) (refusing to consider arguments
raised in a motion for rehearing but not raised on original submission); Wheeler
v. Methodist Hosp., 95 S.W.3d 628, 646 (Tex. App.CHouston [1st Dist.] 2002, no pet.)
(stating that an issue adequately briefed in a motion for rehearing is waived
if the original brief  Ais not sufficient to acquaint the Court with the issue and
does not present an argument that would allow the court to decide the issue@); ICM Mortgage Corp. v. Jacob,
902 S.W.2d 527, 535 (Tex. App.CEl Paso 1994, writ denied) (op. on reh=g) (AThe appropriate time to seek relief
on this ground, however, was on original submission in this Court, not on
rehearing.@).

In sum, Lycoming chose to present
twenty-seven issues to this court on appeal.  This strategy was successful. 
Nevertheless, Lycoming now asks the court to consider a twenty-eighth issue,
and, based on grounds that were not previously argued, to eliminate an
unchallenged finding resulting from a six-week jury trial.  It has not
addressed its failure to brief these arguments previously, and has not shown
harmful error.[12]  See Tex.
R. App. P.

44.1 (establishing the standard for
reversible error).  We therefore deny Lycoming=s motion for rehearing.

 

/s/        Eva M. Guzman

Justice

 

Supplemental Opinion on Rehearing
filed April 3, 2008.

Panel consists of Justices Anderson
and Guzman and Senior Justice Hudson.*









[1]  Lycoming argues, AThe
Court, however, mistakenly assumed that Lycoming did >not challenge[] on appeal= >paragraph 2,
page 4 of the Final Judgment.=@  Appellant=s Motion for Rehearing, at 2.





[2]  We contemporaneously deny appellee=s motion for rehearing.





[3]  The appellate court retains plenary jurisdiction
over its judgment for thirty days after overruling all timely-filed motions for
rehearing.  Tex. R. App. P. 19.1(b).





[4]  Appellant=s
Motion for Rehearing, at 1 (AIssue Presented@).  This issue is rephrased on page 4 of the motion as
AAppellant Clearly Sought Reversal of Declaratory
Judgment 2 on Appeal.@  





[5]  Lycoming further argues in its Motion for Rehearing:


This issue C which
this Court not only quoted verbatim in footnote 40 of its opinion but
also sustained, does not distinguish between Declaratory Judgment 2 and the
other portions of the declaratory judgment, but instead challenges that
judgment in its entirety.

(internal citations omitted, emphasis added).  In
fact, we stated three times that we sustained Issue Fifteen only in part,
and only as it pertained to the jury=s
findings of fraud and fraudulent inducement and Declaratory Judgments 1, 3, 4,
and 5.  AVCO Corp. v. Interstate Sw., Ltd., BS.W.3dB, B, 2007 WL 4845443, at *23 (Tex. App.CHouston [14th Dist.] Nov. 1, 2007, no pet. h.) (ABecause the jury=s
findings of fraud and fraudulent inducement fail to provide a basis for those
portions of the judgment that relied on these findings, we also sustain
Lycoming=s fifteenth and seventeenth issues in part.@) (emphasis added); id., 2007 WL 4845443, at
*26 (ABecause Declaratory Judgment 1 is not supported by the
jury=s findings or by conclusive evidence, we sustain
Lycoming=s fifteenth issue in part and reverse the trial
court=s first declaration.@) (emphasis added); 2007 WL 4845443, at *27  (ABecause these rulings address unadjudicated claims and
causes of action, we sustain Lycoming=s
fifteenth issue as it pertains to Declaratory Judgments 3, 4, and 5, and we
reverse these portions of the judgment.@) (emphasis added).





[6]  Although AA@ (the sole-cause finding) does not address AB@ (the MSA=s indemnity provision), neither does Declaratory
Judgment 2, which merely repeats AA.@  





[7]  Lycoming did not preserve and present an appellate
challenge to the legal and factual sufficiency of the evidence supporting the
jury=s sole-cause finding.





[8]  Appellant=s
Motion for Rehearing, at 1 (AIssue Presented@).





[9]  This contention is based on material that is not
part of the record.





[10]  This exhortation is phrased on page 7 of the motion
for rehearing as ADeclaratory Judgment 2 Directly Conflicts with This
Court=s November 1 Ruling in Multiple Ways and Therefore
Must Be Reversed.@





[11]  A claim for declaratory judgment is not required to
be tied to a valid cause of action for damages.  See, e.g., Tex. Civ. Prac. & Rem. Code Ann. ' 37.004(b) (a contract may be construed before a
breach).





[12]  See Republic Ins. Co. v. Davis, 856 S.W.2d
158, 164 (Tex. 1993) (the Declaratory Judgment Act Acannot be invoked as an affirmative ground of recovery
to revise or alter@ existing rights or legal relations).  





*  Senior Justice J. Harvey Hudson sitting by
assignment.