# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-13-00133-CV

**Lisa Kastleman, Appellant**

**v.**

**Bryan Kastleman, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
NO. D-1-FM-09-002598, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING**

## S U P P L E M E N T A L   O P I N I O N

In her motion for rehearing, Lisa Kastleman argues that this Court erroneously dismissed her appeal as moot on the ground that she was estopped from appealing the final divorce decree that was based on the parties' settlement agreement because she had accepted the benefits of the decree. We issue this supplemental opinion to clarify our decision to deny the motion for rehearing.

In her first issue, Lisa contends that this Court should grant rehearing because the amount of property she is alleged to have accepted is less that 4% of the total community estate.[1] In re-urging arguments on this issue presented in her response to Bryan's motion to dismiss and

---

[1] Lisa also clarifies that the amount of rental income she accepted was just over 1% of the value of the community estate, not 10%, as stated in her response to Bryan's motion to dismiss and repeated by this Court in our original opinion.

responding to our original opinion, she also raises new arguments for the first time in her motion for rehearing. Likewise, in her second issue, Lisa asserts for the first time on rehearing the alternative argument that even if she is estopped from appealing the property division, this Court should address the severable parent-child and attorney's fees issues.

Generally, we do not base our rulings on arguments raised for the first time on rehearing. *Wells Fargo Bank, N.A. v. Leath*, 425 S.W.3d 525, 540 (Tex. App.—Dallas 2014, pet. filed) (supp. op. on reh'g); *AVCO Corp. v. Interstate Sw., Ltd.*, 251 S.W.3d 632, 676 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (supp. op. on reh'g); *see Sherrod v. Moore*, 819 S.W.2d 201, 205 (Tex. App.—Amarillo 1991, no writ) ("It is well established that points of error raised for the first time in a motion for rehearing are too late and will not be considered.") (citing *Morrison v. Chan*, 699 S.W.2d 205, 207 (Tex. 1985)). The sole purpose of a motion for rehearing is to provide the court an opportunity to correct any errors on issues already presented. *Wentworth v. Meyer*, 839 S.W.2d 766, 778 (Tex. 1992) (Cornyn, J., concurring). "'Rehearing is not an opportunity to test alternative arguments after finding other arguments unsuccessful.'" *OAIC Commercial Assets, L.L.C. v. Stonegate Vill., L.P.*, 234 S.W.3d 726, 746 (Tex. App.—Dallas 2007, pet. denied) (op. on reh'g) (quoting *ICM Mortg. Corp. v. Jacob*, 902 S.W.2d 527, 535 (Tex. App.—El Paso 1994, writ denied)). An issue adequately briefed in a motion for rehearing is waived if the original brief—in this case the original response to Bryan's motion to dismiss—"is not sufficient to acquaint the Court with the issue and does not present an argument that would allow the court to decide the issue." *Wheeler v. Methodist Hosp.*, 95 S.W.3d 628, 646 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

"A motion for rehearing does not afford a party an opportunity to raise new issues after the case has been briefed, argued, and decided on other grounds unless the error is fundamental." *OAIC*, 234 S.W.3d at 747; *see Texas Mun. Power Agency v. Public Util. Comm'n of Tex.*, 150 S.W.3d 579, 591 n.13 (Tex. App.—Austin 2004), *rev'd in part on other grds.*, 253 S.W.3d 184 (Tex. 2007). Fundamental error exists "in those rare instances in which the record shows the court lacked jurisdiction or that the public interest is directly and adversely affected as that interest is declared in the statutes or the Constitution of Texas." *Pirtle v. Gregory*, 629 S.W.2d 919, 920 (Tex. 1982); *see OAIC*, 234 S.W.3d at 747; *Texas Mun. Power*, 150 S.W.3d at 591 n.13. In her motion for rehearing, Lisa does not raise an issue of fundamental error, and we decline to address the new arguments she asserts for the first time in her motion for rehearing.

## CONCLUSION

We deny Lisa's motion for rehearing.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Rose, and Goodwin

Filed: October 23, 2014