Opinion issued March 22, 2007 















Opinion
issued March 22, 2007










 

 

 

 














 

     

 

 

 

 

 

In The

Court of Appeals

                      
For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-05-01116-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



INDIAN BEACH PROPERTY OWNERS’ ASSOCIATION, Appellant

 

V.

 

MARY C. LINDEN AND B.J. LINDEN,
Appellees

 

 



On Appeal from the 212th District Court

Galveston County, Texas

Trial Court Cause No. 04CV1020

 








 



O P I N I O N

 

          This
is a lawsuit over a chain-link fence.  Appellant Indian Beach
Property Owners’ Association (“Indian”) appeals a judgment entered in favor of
appellees Mary C. Linden (“Linden”) and B.J. Linden
(“B.J.”).  In thirty-five issues, Indian
challenges the trial court’s failure to enter a permanent injunction against
Linden and B.J., the legal and factual sufficiency of the evidence supporting
the jury’s finding that Linden and B.J.’s construction of the chain-link fence
was not a wrongful act, the denial of Indian’s request for attorney’s fees, the
propriety of submitting certain jury questions and their form, the legal and
factual sufficiency of the evidence to support the jury’s findings, the legal
basis for the trial court’s declaratory judgment, and the legal basis for the
trial court’s award of attorney’s fees to Linden and B.J.  We conclude that the trial court erred in
entering a declaratory judgment stating that the deed restrictions applicable
to Linden’s property do not prohibit the use of
chain-link fence as a fencing material, and stating that the use of chain-link
fence on Linden’s property is in harmony with
the existing structures in the Indian Beach
subdivision.  We therefore modify the
trial court’s judgment and delete paragraphs one and two.  We affirm the remainder of the trial court’s
judgment.

Background

          Linden owns a lot in the Indian
Beach subdivision on Galveston Island that is subject
to certain covenants and restrictions contained in the deed.  B.J. is Linden’s
ex-husband.  B.J. has no ownership
interest in the property at issue in this case, but he helps Linden
manage the property and was extensively involved in the sequence of events
leading to this litigation.  Indian is
the entity responsible for enforcing deed restrictions in the Indian
 Beach
subdivision.  Paragraph three of the deed
restrictions on Linden’s
property provides as follows:

3.  Architectural
Control and Construction Time.  No
Building, fence, wall, pier, swimming pool, play ground equipment, outdoor
cooking or eating facility of permanent nature or other structure of any kind
shall be commenced, erected, or maintained upon any lot in the Subdivision, nor
shall any exterior addition or change or alteration of the exterior be made
until the plans and specifications showing the nature, kind, shape, height,
materials and location of the same shall have been submitted to and approved in
writing by the Architectural Control Committee (herein sometimes called “the
Committee”) composed of three or more representatives from time to time
appointed by Developer. . . .  Approval
by the Committee shall be granted or withheld based upon [1] compliance with
the provisions of this instrument, [2] quality of materials, [3] harmony of
external design with the existing and proposed structures, [4] location with
respect to topographical and finished grade elevation, and [5] such other
relevant considerations as the Committee may, in the exercise of its sole
discretion, determine to be of significance in such determination.  Each application made for architectural
control approval shall be accompanied by a fee of $150.00 to defray expenses of
the Committee and by plans and specifications of all proposed walls, drives,
curb cuts, structures, septic tanks, drain fields, and other matters relevant
to architectural approval.  If the plans
and specifications are approved by the Committee, a Certificate of Compliance
shall be issued authorizing construction of the proposed improvements in
accordance with the plans and specifications so approved.  In the event the Committee fails to approve
or disapprove the plans within forty-five (45) days after same have been
submitted to it, approval will be presumed and this paragraph will be deemed to
have been fully complied with.

 

          On
February 25, 2004, Linden submitted a formal
application to the Architectural Control Committee, hoping to obtain the
Committee’s approval to construct a chain-link fence around the perimeter of
her property.  Susan Gonzales, an agent
of Indian, called Linden
and B.J. on March 15, 2004, and informed them that the Committee had denied Linden’s
application.  B.J. and Linden believed that
the Committee had improperly denied the application because Gonzales referenced
a setback provision in the deed restrictions that was not applicable to Linden’s
property as one of the reasons for the denial. 
Gonzales suggested that Linden reapply and express
her contentions to the Committee.  Gonzales told B.J. that a letter explaining Linden’s
position would be a sufficient reapplication. 
During that discussion, Gonzales emphasized that the Committee had
another forty-five days to act on the new application.  B.J. submitted Linden’s
reapplication letter on March 15, 2004 and Gonzales received it the same
day.  Indian took no action with regard
to Linden’s
reapplication within the next forty-five days. 
On May 5, 2004, Linden
and B.J. sent a letter to Indian advising it that, according to paragraph three
of the deed restrictions, the Architectural Control Committee was presumed to
have approved Linden’s
chain-link fence, and construction of the fence would commence
immediately.  Linden
and B.J. completed construction of the fence before the end of May 2004.  

          Indian
then sued Linden
and B.J., asserting that they had violated the deed restrictions by building
the fence without the approval of the Architectural Control Committee.  Indian sought to permanently enjoin Linden and B.J. from
building a chain-link fence on Linden’s
property, and an order mandating that Linden
and B.J. remove the existing fence. 
Indian also sought its attorney’s fees. 
Linden
and B.J. answered, specifically denying that they had violated the deed
restrictions.  Linden and B.J. also counterclaimed,
seeking a declaratory judgment that their construction of the fence was in
compliance with the deed restrictions applicable to Linden’s
property.  Linden
and B.J. sought attorney’s fees as well.  


          At
trial, the issues upon which Linden
and B.J. sought declaratory judgment were expanded to include a determination
of whether the deed restrictions prohibit chain-link as an allowable fence
material, and whether the chain-link fence on Linden’s
property is in harmony with existing structures in the subdivision.  The jury returned a verdict in favor of Linden
and B.J., and the trial court entered a judgment on the verdict.  Indian appeals.

Permanent Injunction

In its first, second, and third
issues, Indian contends (1) the trial court abused its discretion in failing to
grant a permanent injunction in favor of Indian mandating that Linden remove
her chain-link fence, (2) the trial court erred in ordering that Indian take
nothing, and (3) the trial court erred in finding that the equities in favor of
Indian did not outweigh the equities in favor of Linden, and that equitable
relief in favor of Indian was not expedient, necessary, or proper.

Injunctive relief is appropriate upon a showing
of the following elements: (1) the existence of a wrongful act, (2) the
existence of imminent harm, (3) the existence of irreparable injury, and (4)
the absence of an adequate remedy at law. 
Jim Rutherford Invs., Inc. v. Terramar
 Beach
Cmty. Ass’n, 25 S.W.3d 845,
849 (Tex. App.—Houston
[14th Dist.] 2000, pet. denied).  “Because an injunction is
an equitable remedy, a trial court weighs the respective conveniences and
hardships of the parties and balances the equities.”  Computek Computer & Office Supplies, Inc.
v. Walton, 156 S.W.3d 217, 220 (Tex. App.—Dallas 2005, no pet.); Triantaphyllis v. Gamble, 93 S.W.3d 398, 401–02
(Tex. App.—Houston
[14th Dist.] 2002, pet. denied); see also State v. Tex.
Pet Foods, Inc., 591 S.W.2d
800, 803 (Tex.
1979) (“The jury does not determine the expediency, necessity, or propriety of
equitable relief. . . .  The
determination of whether to grant an injunction based upon the ultimate issues
of fact found by the jury is for the trial court, exercising chancery powers,
and not the jury.”).  A party must substantially violate a deed
restriction before the trial court may issue a permanent injunction.  See Tien Tao Ass’n v. Kingsbridge
 Park
Cmty. Ass’n, Inc., 953 S.W.2d 525, 529–30 (Tex. App.—Houston [1st
Dist.] 1997, no pet.).

We review a trial court’s ruling on applications
for permanent injunctions for an abuse of discretion.  Operation Rescue-Nat’l v. Planned
Parenthood of Houston & Se. Tex., Inc., 975 S.W.2d 546, 560 (Tex.
1998).  An abuse of discretion occurs if the trial
court (1) acts arbitrarily and unreasonably, without reference to guiding rules
or principles, or (2) misapplies the law to the established facts of the
case.  Butler v. Arrow Mirror & Glass,
Inc., 51 S.W.3d 787,
791 (Tex. App.—Houston
[1st Dist.] 2001, no pet.).  “The trial court does not
abuse its discretion when its decision is based on conflicting evidence and
some evidence in the record reasonably supports the trial court’s decision.”  Triantaphyllis, 93
S.W.3d at 402; see also Davis v. Huey, 571 S.W.2d 859, 862 (Tex.
1978).  A clear abuse of
discretion arises only when the trial court’s decision is not supported by some
evidence of substantial and probative character.  Envoy Med. Sys., L.L.C. v. State, 108 S.W.3d 333, 335 (Tex.
App.—Austin 2003, no pet.). 
A
party seeking an injunction has the burden of showing that a clear equity
demands the injunction.  Christensen
v. Integrity Ins. Co., 719
S.W.2d 161, 163 (Tex.
1986); Bridas Corp. v. Unocal Corp., 16
S.W.3d 887, 890 (Tex. App.—Houston
[14th Dist.] 2000, pet. dism’d w.o.j.).  A party seeking enforcement of a deed
restriction always has the burden at trial to demonstrate the enforceability of
the restriction.  City of Pasadena
v. Gennedy, 125
S.W.3d 687, 695 (Tex. App.—Houston [1st Dist.] 2003, pet.
denied).  

In this case, the trial court did not
abuse its discretion in refusing to grant a permanent injunction in favor of
Indian.  The jury found that Linden
and B.J.’s construction of the fence was not a wrongful act.  Indian therefore failed to establish the
first element of its claim for injunctive relief.  See Jordan v.
Landry’s Seafood Rest., Inc., 89 S.W.3d 737, 742–43 (Tex. App.—Houston
[1st Dist.] 2002, pet. denied) (holding plaintiff failed to show existence of wrongful
act); Pinebrook Props., Ltd. v. Brookhaven
 Lake
 Prop.
Owners Ass’n, 77 S.W.3d 487, 505 (Tex. App.—Texarkana 2002, pet. denied)
(holding trial court abused its discretion in entering injunction because there
was no evidence of existence of wrongful act).  In
addition, the balance of the equities weighs against the imposition of an
injunction in this case because the evidence at trial demonstrated that Indian
did not take any action with regard to Linden’s
reapplication within the forty-five days prescribed by the deed
restrictions.  See Walton,
156 S.W.3d at 220; Triantaphyllis, 93 S.W.3d at 401–02;
Jim Rutherford, 25 S.W.3d
at 850.  Linden
complied with the deed restrictions and the application process throughout all
stages of this case.  According to the
deed restrictions, if the Architectural Control Committee
fails to approve or disapprove of an application within forty-five days after
it is submitted, approval will be presumed. 
The trial court did not abuse its discretion in declining to award
injunctive relief because the record supports an implied finding that Indian’s
own inaction resulted in the presumed approval of Linden and B.J.’s fence; thus, Indian fails
to show that the balance of the equities plainly favors it.  See Jim Rutherford, 25 S.W.3d at 850 (holding balance of equities
favored imposition of injunction); Universal Health Servs., Inc. v. Thompson, 24 S.W.3d 570, 579
(Tex.
App.—Austin 2000, no pet.) (holding balance of equities favored imposition
of injunction).  We overrule Indian’s first, second,
and third issues.

Wrongful Act

In its fourth and sixth issues,
Indian contends (4) the evidence is legally insufficient to support the jury’s
finding that Linden
and B.J.’s construction of the fence was not a wrongful act, and (6) Indian
conclusively established that Linden and B.J.’s
construction of the fence was a wrongful act. 


In a legal sufficiency
challenge by a party with the burden of proof at trial, we first examine the
record for evidence that supports the finding, while ignoring all evidence to the
contrary.  Sterner v. Marathon Oil Co.,
767 S.W.2d 686, 690 (Tex. 1989).  If there is no evidence to support the
finding, we then examine the entire record to determine if the contrary
proposition is established as a matter of law.  Id.  Only if the contrary proposition is
established as a matter of law will we sustain the issue.  Id.

The evidence is legally sufficient to support
the jury’s finding that Linden and B.J.’s
construction of the fence was not a wrongful act.  B.J. testified that Gonzales told him that Linden
could resubmit her application to build a chain-link fence by sending a letter
to the Architectural Control Committee. 
Gonzales also stated that the Committee would have another forty-five
days to grant or deny the application. 
B.J. faxed Linden’s reapplication
letter to Gonzales and the Architectural Control Committee on March 15,
2004.  The Committee took no action on the
letter within the next forty-five days.  Paragraph
three of the deed restrictions provides that, “[i]n the event the
Committee fails to approve or disapprove the plans within forty-five (45) days
after same have been submitted to it, approval will be presumed and this
paragraph will be deemed to have been fully complied with.”  This evidence supports the jury’s finding
that Linden
and B.J.’s construction of the fence was not a wrongful act.  Indian has therefore failed to
establish that Linden and B.J.’s
construction of the fence was a wrongful act as a matter of law.  See
Sterner, 767 S.W.2d at 690; Gennedy, 125 S.W.3d at 697 (holding that evidence was sufficient to
conclusively establish that deed restriction was applicable); Jim Rutherford, 25 S.W.3d at 849–50
(holding that plaintiff conclusively proved existence of deed
restriction and defendant’s violation of restriction).  We
overrule Indian’s fourth and sixth issues.  

Substantive Law

          In
its fifth issue, Indian contends that the jury’s finding on question one of the
jury charge conclusively established that Linden
and B.J. had violated the substantive law, entitling Indian to an
injunction.  See Jim Rutherford, 25 S.W.3d at 848 (“However,
where the facts conclusively show that a party is violating the substantive
law, the trial court should enjoin the violation, and in such case, there is no
discretion to be exercised.”); see
also City of Keller v. Wilson, 168 S.W.3d 802, 823 (Tex. 2005) (“Judgment
without or against a jury verdict is proper at any course of the proceedings
only when the law does not allow reasonable jurors to decide otherwise.”).  In question one, the jury found
that Linden
and B.J. had constructed the fence without the written approval of the
Architectural Control Committee.  

The deed restrictions expressly state
that, “[i]n the event the Committee fails to approve or
disapprove the plans within forty-five (45) days after same have been submitted
to it, approval will be presumed and this paragraph will be deemed to have been
fully complied with.”  This provision explains
the jury’s answer to question two, in which the jury found that Linden
and B.J. did not wrongfully construct the fence.  As discussed above, the evidence is legally
sufficient to support a finding that the written approval of the Committee was
unnecessary under the facts of this case because Linden
resubmitted her application for the construction of the chain-link fence when
B.J. faxed Gonzales the March 15 letter. 
The Committee then took no action with regard to the reapplication
letter within the forty-five day period prescribed by the deed
restrictions.  Linden
and B.J. therefore did not violate the deed restrictions or any other
substantive law when they built the fence without the written approval of the
Architectural Control Committee.  We
overrule Indian’s fifth issue.

Legal and Factual Sufficiency

          In
its twenty-second, twenty-third, and twenty-eighth issues, Indian challenges
the legal and factual sufficiency of the evidence supporting the jury’s finding
in question five that Linden
and B.J. did not violate the applicable deed restrictions in constructing the
fence on Linden’s
property.

The test for legal
sufficiency is “whether the evidence at trial would
enable reasonable and fair-minded people to reach the verdict under
review.”  City of Keller,
168 S.W.3d at 827.  In making this
determination, we credit favorable evidence if a reasonable fact-finder could,
and disregard contrary evidence unless a reasonable fact-finder could not.  Id.  So long as the evidence falls within the zone
of reasonable disagreement, we may not substitute our judgment for that of the
fact-finder.  Id.
at 822.  The trier of fact is the sole
judge of the credibility of the witnesses and the weight to give their testimony.  Id. at 819.  Although we consider the evidence in the
light most favorable to the challenged findings, indulging every reasonable
inference that supports them, we may not disregard evidence that allows only
one inference.  Id.
at 822.

In reviewing a factual sufficiency point, we
consider all the evidence supporting and contradicting the finding.  Plas-Tex, Inc. v. U.S. Steel Corp., 772 S.W.2d 442, 445 (Tex. 1989); HTS Servs., Inc. v. Hallwood Realty Partners, L.P., 190 S.W.3d 108, 111 (Tex. App.—Houston [1st Dist.] 2005, no pet.).  We set aside the verdict only if the finding
is so contrary to the overwhelming weight of the evidence as to be clearly
wrong and unjust.  Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986).  Jurors are the sole judges of the credibility
of the witnesses and the weight to give their testimony.  City of
Keller, 168
S.W.3d at 819.  They may choose to
believe one witness and disbelieve another. 
Id.

Paragraph three of the deed restrictions
begins by stating: 

No Building, fence, wall, pier, swimming pool, play
ground equipment, outdoor cooking or eating facility of permanent nature or
other structure of any kind shall be commenced, erected, or maintained upon any
lot in the Subdivision, nor shall any exterior addition or change or alteration
of the exterior be made until the plans and specifications showing the nature,
kind, shape, height, materials and location of the same shall have been
submitted to and approved in writing by the Architectural Control Committee . .
. .

 

In February 2004, Linden
submitted her formal application to the Architectural Control Committee to
obtain the Committee’s approval to construct a chain-link fence.  Gonzales called Linden and B.J. on March 15, 2004, and
informed them that the Committee had denied Linden’s
application.  B.J. and Linden believed that the Committee had
improperly denied the application because Gonzales referenced a setback
provision in the deed restrictions that was not applicable to Linden’s
property as one of the reasons for the denial. 
B.J. testified that Gonzales told him that Linden
could resubmit her application to build a chain-link fence by sending a letter
to the Architectural Control Committee. 
B.J. also testified that Gonzales stated that the Committee would have
another forty-five days to grant or deny the application.  B.J. faxed Linden’s
reapplication letter to Gonzales and the Architectural Control Committee on
March 15, 2004.  Gonzales testified that
the letter did not constitute a reapplication and it was not regarded as such
by herself or the Committee.  The
Committee took no action with regard to the letter within the next forty-five
days.  Paragraph three of the deed
restrictions provides that, “[i]n the event the Committee fails
to approve or disapprove the plans within forty-five (45) days after same have
been submitted to it, approval will be presumed and this paragraph will be
deemed to have been fully complied with.”

We hold that this evidence “would enable
reasonable and fair-minded people to reach the verdict under review.”  City of
Keller, 168
S.W.3d at 827.  The evidence is therefore legally
sufficient to support the jury’s finding that Linden
and B.J.’s construction of the fence did not violate any applicable deed
restrictions on Linden’s property.  See Gennedy, 125 S.W.3d at 700 (holding evidence was legally insufficient to
support finding that deed restrictions had been amended); Jim Rutherford, 25 S.W.3d at 849–50
(holding plaintiff conclusively proved existence of deed
restriction and defendant’s violation of restriction). 


Considering all the evidence supporting and
contradicting the finding, we cannot say the jury’s finding is so contrary to
the overwhelming weight of the evidence as to be clearly wrong and unjust.  See
Cain, 709 S.W.2d at 176.  We therefore hold that the evidence is factually sufficient
to support the jury’s finding that Linden
and B.J.’s construction of the fence did not violate any applicable deed
restrictions on Linden’s property.  See
Tien Tao, 953 S.W.2d at 529–31 (holding evidence was factually sufficient
to support finding that defendant violated deed restrictions); Guajardo v. Neece, 758 S.W.2d 696,
698–99 (Tex. App.—Fort Worth 1988, no writ) (holding evidence was sufficient to
support finding that defendant violated deed restrictions).  We overrule Indian’s twenty-second,
twenty-third, and twenty-eighth issues.  

Factual Sufficiency

 In its seventh issue, Indian contends the
evidence is factually insufficient to support the jury’s finding that Linden and B.J.’s construction of the fence was not
a wrongful act. 

Paragraph three of the deed
restrictions begins by stating: 

No Building, fence, wall, pier, swimming pool, play
ground equipment, outdoor cooking or eating facility of permanent nature or
other structure of any kind shall be commenced, erected, or maintained upon any
lot in the Subdivision, nor shall any exterior addition or change or alteration
of the exterior be made until the plans and specifications showing the nature,
kind, shape, height, materials and location of the same shall have been
submitted to and approved in writing by the Architectural Control Committee . .
. .

 

In February 2004, Linden submitted her formal application to the
Architectural Control Committee to obtain the Committee’s approval to construct
a chain-link fence.  Gonzales called Linden and B.J. on March 15, 2004, and informed them
that the Committee had denied Linden’s
application.  B.J. and Linden believed that the Committee had improperly
denied the application because Gonzales referenced a setback provision in the
deed restrictions that was not applicable to Linden’s
property as one of the reasons for the denial. 
B.J. testified that Gonzales told him that Linden
could resubmit her application to build a chain-link fence by sending a letter
to the Architectural Control Committee. 
B.J. also testified that Gonzales stated that the Committee would have
another forty-five days to grant or deny the application.  B.J. faxed Linden’s
reapplication letter to Gonzales and the Architectural Control Committee on
March 15, 2004.  Gonzales testified that
the letter did not constitute a reapplication and it was not regarded as such
by herself or the Committee.  The
Committee took no action with regard to the letter within the next forty-five
days.  Paragraph three of the deed
restrictions provides that, “[i]n the event the Committee fails
to approve or disapprove the plans within forty-five (45) days after same have
been submitted to it, approval will be presumed and this paragraph will be
deemed to have been fully complied with.”

Considering all the evidence supporting and
contradicting the finding, we hold that the evidence is factually sufficient to support the
jury’s finding that Linden and
B.J.’s construction of the fence was not a wrongful act.  See
Tien Tao, 953 S.W.2d at 529–31 (holding evidence was factually sufficient
to support finding that defendant violated deed restrictions); Guajardo, 758 S.W.2d at 698–99
(holding evidence was sufficient to support finding that defendant violated deed
restrictions).  We overrule
Indian’s seventh issue.  

 

Conflict in Jury Answers

In its eighth issue, Indian contends
the jury’s findings on questions one and two are in conflict.  In question one, the jury found that Linden and B.J. constructed the fence without the
written approval of the Architectural Control Committee.  In question two, the jury found that Linden and B.J. did not wrongfully construct the
fence.

When determining whether jury findings
irreconcilably conflict, we apply a de novo standard of review.  See
Bender v. S. Pac. Transp. Co., 600 S.W.2d 257, 260 (Tex.
1980).  In
reviewing the jury findings for conflict, the threshold question is whether the
findings address the same material fact. 
Id.  The court may not strike down jury answers on the ground of
conflict if there is any reasonable basis upon which they can be
reconciled.  Id.  The court must
reconcile apparent conflicts in the jury’s findings, if reasonably possible, in
light of the pleadings and evidence, the manner of submission, and the other findings considered as a whole.  Id.  The court does not determine whether the
findings may reasonably be viewed as conflicting; to the contrary, the question
is whether there is any reasonable basis upon which the findings may be
reconciled.  Id.
 If, however, “one of the answers would
require a judgment in favor of the plaintiff and the other would require a
judgment in favor of the defendant, then the answers are fatally in
conflict.”  Little Rock Furniture Mfg.
Co. v. Dunn, 148 Tex. 197, 206, 222 S.W.2d 985, 991 (1949).  If we determine that a fatal conflict exists,
we must remand to the trial court for a new trial.  See Cotton Belt R.R. v. Hendricks, 768 S.W.2d 865, 870 (Tex. App.—Texarkana
1989, no writ) (citing Ins. Co. of
N. Am. v. Brown, 394 S.W.2d 787, 789 (Tex.
1965)).

Here, the jury findings in questions
one and two do not address the same material facts.  Indian presumes the only way Linden and B.J. could have complied with the deed
restrictions in constructing the fence was to receive written approval from the
Architectural Control Committee.  The
deed restrictions, however, allow for the presumed approval of the
Architectural Control Committee without an express written approval.  We hold that because
jury questions one and two addressed different material facts, there is no
conflict in the answers.  See
Jabri v. Alsayyed, 145 S.W.3d 660, 668 (Tex.
App.—Houston [14th Dist.] 2004, no
pet.) (holding jury findings did not address same material fact); Crescendo
Invs., Inc. v. Brice, 61 S.W.3d 465, 477 (Tex. App.—San Antonio
2001, pet. denied) (same); Newsom v. Whittington, 953 S.W.2d
410, 416 (Tex. App.—Texarkana 1997, pet. denied) (same); Mercedes-Benz of N. Am., Inc.
v. Dickenson, 720 S.W.2d 844, 856–57 (Tex. App.—Fort Worth 1986, no
writ) (same).  Accordingly, we overrule
Indian’s eighth issue.

In its twenty-fourth issue, Indian
contends the jury’s findings in questions one and five are in conflict.  In question one, the jury found that Linden and B.J. constructed the fence without the
written approval of the Architectural Control Committee.  In question five, the jury found that Linden and B.J. did not violate the deed
restrictions applicable to Linden’s
property when they constructed the fence.

The jury findings in questions one
and five do not address the same material facts.  Again, we note that the forty-five day default
provision of the deed restrictions allows for the presumed approval of the
Architectural Control Committee. 
Therefore, the question one finding that Linden
and B.J. constructed the fence without the written approval of the
Architectural Control Committee addresses a different material fact than the
question five finding that Linden and
B.J. did not violate the applicable deed restrictions in constructing the
fence.  We hold
that because jury questions one and five addressed different material facts,
there is no conflict in the answers.  See Jabri,
145 S.W.3d at 668; Brice, 61 S.W.3d at 477; Newsom,
953 S.W.2d at 416; Dickenson, 720 S.W.2d at 856–57.  Accordingly, we overrule Indian’s
twenty-fourth issue.

Forty-Five Day Default Provision

In its ninth, tenth, and
eleventh issues, Indian contends (9) the trial court erred in making the
implied finding that Linden’s March 15 letter was a reapplication for approval
of a chain-link fence, (10) the trial court erred in making the implied finding
that a second forty-five day default period commenced as a result of Linden’s
March 15 letter, and (11) the trial court erred in making the implied finding
that Indian’s failure to deny Linden’s reapplication within the second
forty-five day default period constituted an approval.  

At trial, Indian had the
burden to show that it was entitled to an injunction because Linden and B.J.’s construction of the fence was a
wrongful act.  As we determined above,
however, the evidence is legally and factually sufficient to support the jury’s
finding that Linden and B.J.’s
construction of the fence was not a wrongful act.  In making this determination, the jury
necessarily found that Linden’s
March 15 letter constituted a reapplication for approval of a chain-link fence,
a second forty-five day period commenced as a result of the March 15 letter,
and Indian’s failure to deny Linden’s
reapplication within the forty-five day period constituted an approval.  The trial court therefore did not err with
respect to any implied or “deemed” findings on these issues.  See
Tex. R. Civ. P. 279 (elements
omitted from jury charge are deemed found by trial court in support of judgment
when supported by evidence); see also
Don’s
Ambulance Serv., Inc. v. City of San Antonio, 526 S.W.2d 547, 551
(Tex. Civ. App.—San Antonio 1975, writ ref’d n.r.e.) (holding there can be no
deemed finding by trial court if jury has already made finding on issue).  Accordingly, we overrule Indian’s ninth,
tenth, and eleventh issues.  

Indian’s Attorney’s Fees

          In
its twelfth issue, Indian contends the trial court erred in failing to award it
attorney’s fees.  Section 5.006(a) of the
Texas Property Code states, “[i]n an action based on
breach of a restrictive covenant pertaining to real property, the court shall
allow to a prevailing party who asserted the action reasonable attorney’s fees
in addition to the party’s costs and claim.” 
Tex. Prop. Code Ann. §
5.006(a) (Vernon 2004).  A prevailing
party
is the party to a suit that either successfully prosecutes the action or
defends against it, prevailing on the main issue.  Jakab v. Gran Villa Townhouses
Homeowners Ass’n, Inc., 149 S.W.3d 863, 867 (Tex. App.—Dallas 2004,
no pet.); FDIC
v. Graham, 882 S.W.2d 890, 900 (Tex. App.—Houston [14th Dist.] 1994, no writ).  “Simply stated, the prevailing
party is the party vindicated by the judgment
rendered.”  Jakab, 149
S.W.3d at 867; Dear
v. City of Irving, 902 S.W.2d 731, 739
(Tex. App.—Austin 1995, writ denied).  

The trial court properly
denied Indian’s request for attorney’s fees because Indian was not the
prevailing party in this case.  Indian is
therefore not entitled to attorney’s fees under section 5.006(a).  See Anderson v. New Prop. Owners’
Ass’n of Newport, Inc., 122 S.W.3d 378, 390 (Tex. App.—Texarkana
2003, pet. denied); Pebble Beach Prop. Owners’ Ass’n v. Sherer,
2 S.W.3d 283, 291–92 (Tex. App.—San Antonio 1999, pet. denied); Meyerland Cmty. Improvement Ass’n v. Belilove, 624 S.W.2d 620, 620–21
(Tex. App.—Houston [14th Dist.] 1981, writ ref’d n.r.e.).  We overrule Indian’s twelfth issue.

Jurisdiction

In its thirtieth issue, Indian
contends, “the trial court abused its discretion in granting a declaratory
judgment because it lacked the required jurisdiction, since all other owners in
Indian Beach Section 1 were not joined as necessary parties.”  

The Declaratory Judgments Act states:

A person interested under a deed, will, written contract, or other
writings constituting a contract or whose rights, status, or other legal
relations are affected by a statute, municipal ordinance, contract, or
franchise may have determined any question of construction or validity arising
under the instrument, statute, ordinance, contract, or franchise and obtain a
declaration of rights, status, or other legal relations thereunder.


Tex. Civ. Prac. & Rem. Code Ann. § 37.004(a) (Vernon
1997).  “When declaratory relief is
sought, all persons who have or claim any interest that would be affected by
the declaration must be made parties.  A
declaration does not prejudice the rights of a person not a party to the
proceeding.”  Id. § 37.006(a) (Vernon 1997). 
The general rule is that “some of the owners of property in a restricted
subdivision may not release or modify applicable deed restrictions without the
concurrence of others who own property in the subdivision.”  Smith v. Williams, 422 S.W.2d 168, 172 (Tex. 1967); April Sound
Mgmt. Corp. v. Concerned Prop. Owners for April
Sound, Inc., 153 S.W.3d
519, 525 (Tex. App.—Amarillo 2004,
no pet.).  

Texas Rule of Civil
Procedure 39 governs joinder of persons under the Declaratory
Judgments Act, and like the Declaratory Judgments Act, “mandates joinder of
persons whose interests would be affected by the judgment.”  Brooks
v. Northglen Ass’n, 141 S.W.3d 158, 162 (Tex.
2004); see also Tex. R. Civ. P. 39; Tex. Civ. Prac. & Rem. Code Ann. §
37.006.  “Rule 39 determines whether a
trial court has authority to proceed without joining a person whose presence in
the litigation is made mandatory by the Declaratory Judgment[s] Act.”  Brooks, 141 S.W.3d at 162.  Rule
39(a) provides: 

A person who is subject to service of
process shall be joined as a party in the action if (1) in his absence complete
relief cannot be accorded among those already parties, or (2) he claims an
interest relating to the subject of the action and is so situated that the
disposition of the action in his absence may (i) as a practical matter impair
or impede his ability to protect that interest or (ii) leave any of the persons
already parties subject to a substantial risk of incurring double, multiple, or
otherwise inconsistent obligations by reason of his claimed interest.  If he has not been so joined, the court shall
order that he be made a party.  If he
should join as a plaintiff but refuses to do so, he may be made a defendant,
or, in a proper case, an involuntary plaintiff.

 

Tex. R. Civ. P. 39(a).

 

In Wilchester West Concerned Homeowners LDEF, Inc. v. Wilchester West
Fund, Inc., this court held that the failure to join all property owners
affected by a restrictive covenant in a declaratory judgment action did not
deprive the trial court of jurisdiction to enter the declaratory judgment.  177 S.W.3d 552, 559–60 (Tex.
App.—Houston [1st Dist.] 2005, pet.
denied).  We based our holding on Brooks v. Northglen Association and Simpson v. Afton Oaks Civic Club, Inc.,
two similar cases decided by the Texas Supreme Court in 2004.  Id.; see also Simpson v. Afton Oaks Civic Club, Inc., 145 S.W.3d 169, 170 (Tex. 2004); Brooks, 141 S.W.3d at 162–63.  In
Wilchester, we reasoned that while
Rule 39(a)(1) requires the presence of all persons who have an interest in the litigation so that any
relief awarded will effectively and completely adjudicate the dispute,
nothing prevented the trial court from rendering complete relief between the
parties to the suit.  177 S.W.3d at
559–60.  We also noted that a declaratory judgment
does not prejudice the rights of any person that is not a party to the
proceeding, and any non-joined homeowner would be able to pursue individual
claims challenging the associations’ authority to take the disputed actions, notwithstanding
a ruling in the case.  Id. at
560; see also Tex. Civ. Prac.
& Rem. Code Ann. § 37.006(a) (“A declaration does not
prejudice the rights of a person not a party to the proceeding.”).  We recognized that the club and the
homeowners’ associations might be subject to the possibility of inconsistent
judgments since not all of the homeowners in the subdivision were joined in the
lawsuit.  Wilchester, 177 S.W.3d at 560.  As in Brooks v. Northglen Association,
however, the homeowners’ associations could have sought relief at trial by urging the court, among other things,
to abate the case, join absent homeowners, or grant special exceptions.  Id.  We ultimately held that the
failure to join all property owners affected by the restrictive covenant did
not deprive the trial court of jurisdiction to enter the declaratory judgment.  Id.

In accordance with Wilchester, we hold that the failure to
join the other property owners affected by the restrictive covenants in this
lawsuit did not deprive the trial court of jurisdiction to enter the
declaratory judgment.  See Cooper v. Tex. Gulf Indus., Inc., 513 S.W.2d 200, 204 (Tex. 1974) (stating that “it would be rare indeed if
there were a person whose presence was so indispensable in the sense that his
absence deprives the court of jurisdiction”). 
Here, nothing prevented the trial court from rendering complete relief
between Linden, B.J., and Indian, and because a declaratory judgment does not
prejudice the rights of any person not a party to the proceeding, any non-joined homeowner
will be able to pursue individual claims notwithstanding the ruling in this
case.  See Tex. Civ. Prac. & Rem. Code Ann. § 37.006(a); Tex. R. Civ. P. 39(a)(1).  In addition, just as in Brooks and Wilchester,
the possibility that Indian might be subject to inconsistent judgments was
caused by its own inaction in failing to urge the trial court to abate the case, join
absent homeowners, or grant special exceptions. 
See Brooks, 141 S.W.3d at 163; Wilchester, 177 S.W.3d at 560.  We hold that the trial court had jurisdiction
to enter the declaratory judgment in this case and we overrule Indian’s
thirtieth issue.

Declaratory Judgment

          Factual Disputes

In its twenty-ninth issue, Indian contends the
trial court “abused its discretion in granting a declaratory judgment because
there is no proper legal basis for it.” 

Under the Declaratory
Judgments Act, “[a] court of record within its jurisdiction has power to
declare rights, status, and other legal relations whether or not further relief
is or could be claimed.”  Tex. Civ. Prac. & Rem. Code Ann. 
§ 37.003(a) (Vernon 1997).  The purpose of the Declaratory Judgments Act is
to settle and to afford relief from uncertainty and insecurity with respect to
rights, status, and other legal relations; and the Act is to be liberally
construed and administered.  Id. §
37.002(b) (Vernon 1997).  

A person interested under a deed, will,
written contract, or other writings constituting a contract or whose rights,
status, or other legal relations are affected by a statute, municipal
ordinance, contract, or franchise may have determined any question of
construction or validity arising under the instrument, statute, ordinance,
contract, or franchise and obtain a declaration of rights, status, or other
legal relations thereunder.

 

Id. § 37.004(a) (Vernon 1997). 
“If a proceeding under [the Declaratory Judgments Act] involves the
determination of an issue of fact, the issue may be tried and determined in the
same manner as issues of fact are tried and determined in other civil actions
in the court in which the proceeding is pending.”  Id. § 37.007 (Vernon 1997). 
The power to determine an issue of fact, however, “does not
concomitantly carry with it the power to render such a finding of fact as a
declaratory judgment.”  Hill
v. Heritage Res., Inc., 964 S.W.2d 89, 140 (Tex. App.—El Paso 1997,
pet. denied).  If a factual dispute is
the only issue to be resolved, a declaratory judgment is not the proper
remedy.  Querencia Props. v. New Querencia
Capital Partners, L.L.C., No.
05-05-01029-CV, 2006 WL 2423589, at *4 (Tex. App.—Dallas Aug. 23, 2006, no pet.); Hill, 964 S.W.2d at 140; Emmco
Ins. Co. v. Burrows, 419 S.W.2d 665, 671 (Tex. Civ. App.—Tyler 1967,
no writ). 

The jury charge in this case asked three
questions pertaining to the trial court’s declaratory judgment.  Question four asked whether “the deed
restrictions applicable to [Linden’s]
lot contained a restriction concerning the use of chain link fencing as a fence
material.”  The jury answered this
question negatively.  Question five asked
whether Linden and B.J. violated the
applicable deed restrictions in constructing the fence on Linden’s property. 
The jury also answered this question negatively.  Question six asked whether the use of
chain-link fencing by Linden and
B.J. was in harmony with the existing structures in the subdivision.  At trial, Linden
and B.J. had produced evidence of other chain-link fences in the Indian Beach subdivision.  The jury answered this question
positively.  The trial court then
incorporated these factual findings into its judgment, which provides:

(1) the deed restrictions applicable to Lot 74, Block
3, Section 1 of Indian Beach, a subdivision in Galveston, Galveston County,
Texas, filed of record in the deed of Trust records of the Public Records of
Real Property of the County Clerk of Galveston County, Texas, at Book 3406,
Page 838, do not prohibit the use of chain link as a fence material in the
subdivision;

 

(2) the use of chain link fence on Lot 74, Block 3,
Section 1 of Indian Beach, a subdivision in Galveston, Galveston County, Texas,
filed of record in the deed of Trust records of the Public Records of Real
Property of the County Clerk of Galveston County, Texas, at Book 3406, Page
838, is in harmony with existing structures in the subdivision;

 

[The trial court deleted paragraph 3]

 

(4) Defendants, MARY C. LINDEN and B.J. LINDEN, are in
compliance with the deed restrictions applicable to Lot 74, Block 3, Section 1
of Indian Beach, a subdivision in Galveston, Galveston County, Texas, filed of
record in the Deed of Trust records of the Public Records of Real Property of
the County Clerk of Galveston County, Texas, at Book 3406, Page 838, concerning
their construction of a chain link fence on said lot.

 

We hold that whether the deed restrictions
applicable to Linden’s property prohibit
the use of chain-link fence as a fencing material, and whether chain-link fence
is in harmony with the existing structures in the Indian Beach
subdivision, are both purely factual disputes that the trial court should not
have resolved with a declaratory judgment. 
See Hill, 964 S.W.2d at 140 (holding that whether
party breached contract was purely factual dispute and declaratory judgment was
not proper); Emmco, 419 S.W.2d at 671 (holding that whether defendants
acted in consort so as to suspend interest payments was purely factual dispute
and declaratory judgment was not proper); Lincoln
v. Harvey,
191 S.W.2d 764, 766 (Tex. Civ. App.—Dallas 1945, no writ) (holding that whether
rental contracts were on month-to-month basis or for duration of war was purely
factual dispute and declaratory judgment was not proper).  The trial court’s declaratory judgment simply
repeats the factual findings of the jury and does not “declare
rights, status, [or] other legal relations,” as required by the Declaratory Judgments
Act.  See
Tex. Civ. Prac. & Rem.
Code Ann. § 37.003(a).  A declaratory judgment was therefore an
improper remedy with regard to these two factual disputes, and we sustain this
portion of Indian’s twenty-ninth issue. 
We modify the trial court’s judgment by deleting paragraphs one and two.  Accordingly, we need not address Indian’s
thirteenth, fourteenth, fifteenth, seventeenth, eighteenth, nineteenth,
twenty-fifth, and twenty-sixth issues as they also challenge paragraphs one and
two of the trial court’s judgment and the jury findings supporting these
paragraphs. 

In contrast, we hold that
the trial court’s declaratory judgment that Linden
and B.J.’s construction of the fence was in compliance with the deed restrictions applicable to Linden’s property is not purely a factual dispute.  The judgment declares Linden
and B.J.’s “status” with regard to the fence and the deed restrictions on Linden’s property. 
See Tex. Civ. Prac. & Rem. Code
Ann. 
§ 37.003(a).  A declaratory judgment was therefore a proper
remedy to resolve this dispute.  See Querencia, 2006 WL 2423589, at *4 (holding that
whether party was entitled to return of its earnest money under contract was
not purely factual dispute and declaratory judgment was proper); In re A.C.B., 103 S.W.3d 570,
574–75 (Tex. App.—San Antonio 2003, no pet.) (holding that whether party was in
arrears on child support obligation was not purely factual dispute and
declaratory judgment was proper); Hext v. Price, 847 S.W.2d 408, 416
(Tex. App.—Amarillo 1993, no writ) (holding that controversy concerning rights
under instruments underlying litigation was not purely factual dispute and
declaratory judgment was proper); Chapman v. Marathon Mfg. Co., 590
S.W.2d 549, 552 (Tex. Civ. App.—Houston [1st Dist.] 1979, no writ) (holding
that whether party was justified in terminating contract was not purely factual
dispute and declaratory judgment was proper).  We overrule this portion of Indian’s
twenty-ninth issue.

Declaratory Judgment

With regard to its
twenty-ninth issue, Indian further contends that the trial court abused its
discretion in entering a declaratory judgment that Linden
and B.J.’s construction of the fence was in compliance with the deed restrictions applicable
to Linden’s property because whether
Linden and B.J. complied with the
deed restrictions was decided in Indian’s claim for injunctive relief.

“The plaintiff’s right to take a nonsuit is unqualified
and absolute as long as the defendant has not made a claim for affirmative
relief.”  BHP Petroleum Co. v. Millard, 800 S.W.2d 838, 840 (Tex. 1990); see
also Tex. R. Civ. P. 162.  The assertion of a counterclaim in the form of
a declaratory
judgment does not relieve a party of its burden to comply with the requirement
that it assert a claim for affirmative relief. 
Id.
at 841 n.8.  “‘To qualify as a claim for
affirmative relief, a defensive pleading must allege that the defendant has a
cause of action, independent of the plaintiff’s claim, on which he could
recover benefits, compensation or relief, even though the plaintiff may abandon
his cause of action or fail to establish it.’” 
Gen.
Land Office v. Oxy U.S.A., Inc., 789 S.W.2d 569, 570 (Tex. 1990) (quoting Weaver v. Jock, 717 S.W.2d 654, 657 (Tex. App.—Waco
1986, writ ref’d n.r.e.)). 
Thus,
under Texas Rule of Civil Procedure 162, if a defendant does nothing more than
resist the plaintiff’s right to recover, the plaintiff has an absolute right to
a non-suit.  Millard, 800 S.W.2d at 841.  “The use of a creative pleading that merely
restates defenses in the form of a declaratory judgment action cannot
deprive the plaintiff of this right.”  Id.  The Declaratory Judgments Act is not available
to settle disputes already pending before a court.  Id.  In certain instances, however, a defensive declaratory
judgment may present issues beyond those raised by the plaintiff.  Id.  

In BHP Petroleum Co. v. Millard, the plaintiff sued the defendant for
breach of the “take-or-pay” obligations of a gas purchase contract.  Id. at 842.  The
defendant counterclaimed, seeking a declaratory judgment “[t]hat events
have occurred which constitute force majeure, as the parties agreed to define
the term, or other causes not reasonably within the control of ANR and its
customers, which have affected and will continue for the foreseeable future
to affect ANR’s takes of natural gas under the Contracts . . . .”  Id. (alterations in
original).  The court held that because
the gas purchase contract was an ongoing and continuing relationship, the
defendant’s counterclaim for a declaratory judgment was a cause of action on
which the defendant could recover benefits, compensation, or relief if the
plaintiff abandoned or failed to establish its causes of action.  Id.  The defendant’s counterclaim sought an
interpretation of the gas purchase contract, which would have the effect of
defining the obligations of the parties under that contract in the future.  Id.  

In Newman Oil Co. v. Alkek, the plaintiffs sued the defendants
for fraudulent representations, breach of contract, and violations of the
Deceptive Trade Practices Act.  614
S.W.2d 653, 653 (Tex. Civ. App.—Corpus Christi 1981, writ ref’d n.r.e.).  The defendants counterclaimed for declaratory relief and moved for summary judgment on the
basis that they had not committed fraud, engaged in common law tort or
deceptive trade practices, breached any contracts with the plaintiffs, and were
not liable under the DTPA.  Id. at 654–55.  Even though the defendants framed the counterclaim
in the form of a request for declaratory relief, the court of appeals held that the allegations
pleaded in the defendants’ counterclaims were not averments of fact upon which
affirmative relief could be granted.  Id. at
655.  The defendants’ counterclaims were
merely denials of the plaintiffs’ causes of action.  Id. 

Similarly, in John Chezik Buick Co. v. Friendly Chevrolet Co.,
the court found that the
defendant had improperly brought a declaratory judgment
counterclaim because the issue raised by the defendant—that no agency
relationship existed—was already before the court as part of the plaintiff’s
case.  749 S.W.2d 591, 594 (Tex. App.—Dallas 1988, writ
denied).

In this case, Indian’s
first amended original petition seeks injunctive relief, alleging that Linden and B.J.’s construction of the fence was in
violation of the deed restrictions on Linden’s
property.  Linden
and B.J.’s counterclaim for declaratory relief sought an “[o]rder declaring
them to be in compliance with the contractual deed restrictions regarding the
construction of their fence.”  The trial
court’s judgment states:

(4) Defendants, MARY C. LINDEN and B.J. LINDEN, are in
compliance with the deed restrictions applicable to Lot 74, Block 3, Section 1
of Indian Beach, a subdivision in Galveston, Galveston County, Texas, filed of
record in the Deed of Trust records of the Public Records of Real Property of
the County Clerk of Galveston County, Texas, at Book 3406, Page 838, concerning
their construction of a chain link fence on said lot.

 

Although Linden and
B.J.’s counterclaim appears to be nothing more than a denial of Indian’s cause
of action, because it involves the interpretation of deed restrictions, Linden
and B.J. have stated a cause of action on which they could recover benefits,
compensation, or relief if Indian abandoned or failed to establish its cause of
action.  See Millard, 800 S.W.2d at 842; see also Tex. Civ. Prac. & Rem. Code Ann. § 37.003(a) (“A court of
record within its jurisdiction has power to declare rights, status, and other
legal relations whether or not further relief is or could be claimed.”).  The deed restrictions on Linden’s property involve an ongoing and continuous
relationship with Indian.  See Millard, 800 S.W.2d at 842. 
Linden and B.J.’s
counterclaim sought an interpretation of the deed restrictions, which would
have the effect of defining the obligations of Linden,
B.J., and Indian under those restrictions in the future.  See id.  Linden
and B.J.’s counterclaim therefore stated a claim for affirmative relief and was
the proper subject of a declaratory judgment. 
Compare id. (holding that defendant’s counterclaim was claim for
affirmative relief and declaratory judgment was proper), and Georgiades v. Di Ferrante, 871 S.W.2d 878, 880–81 (Tex.
App.—Houston [14th Dist.] 1994, writ denied) (same), with Nat’l Enter., Inc. v. E.N.E. Props., 167 S.W.3d 39, 43–44 (Tex. App.—Waco 2005, no pet.) (holding that
defendant’s counterclaim was not claim for affirmative relief and declaratory judgment
was improper), Anderson, 122 S.W.3d at 391 (same), Howell
v. Mauzy, 899 S.W.2d 690, 706–07 (Tex. App.—Austin 1994, writ denied)
(same), and HECI
Exploration Co. v. Clajon Gas Co., 843 S.W.2d 622, 639 (Tex.
App.—Austin 1992, writ denied) (same).  We overrule this portion of Indian’s
twenty-ninth issue.

Comment on the Evidence

          In its sixteenth, twenty-first, and
twenty-seventh issues, Indian contends the trial court (16) erred in submitting
question number four to the jury because it is an improper comment on the
weight of the evidence, it does not give proper guidance, and it is confusing
and misleading, (21) erred in submitting question five to the jury because it
does not give proper guidance, and (27) erred in submitting question six to the
jury because it is an improper comment on the weight of the evidence, it does
not give proper guidance, and it is confusing and misleading.  Questions four, five, and six formed the basis of
the declaratory judgment in this case, and the trial court phrased the
questions as follows:

QUESTION 4

          Do
you find that the deed restrictions applicable to Defendants’ lot contained a
restriction concerning the use of chain link fencing as a fence material?

 

QUESTION 5

          Do
you find that Defendants’ [sic] violated the applicable deed restrictions in
constructing the fence on their lot?

 

QUESTION 6

          Do
you find that the use of chain link fencing by Defendants’ [sic] was in harmony
with existing structures in the subdivision?

 

Improper Comment

An appellate court reviews allegations of error
in the jury charge under an abuse of discretion standard.  Tex.
R. Civ. P. 277; Howell Crude Oil Co. v. Donna Refinery Partners,
928 S.W.2d 100, 110 (Tex. App.—Houston [14th Dist.] 1996, writ denied) (holding
trial court has wide discretion in submitting jury questions as well as
instructions and definitions); European Crossroads’ Shopping Ctr., Ltd. v.
Criswell, 910 S.W.2d 45, 54 (Tex. App.—Dallas 1995, writ denied).  Texas Rule of Civil Procedure 277 provides:

The court shall not in its charge comment
directly on the weight of the evidence or advise the jury of the effect of
their answers, but the court’s charge shall not be objectionable on the ground
that it incidentally constitutes a comment on the weight of the evidence or
advises the jury of the effect of their answers when it is properly a part of
an instruction or definition.

 

Tex.
R. Civ. P.
277.  “To be a direct comment on the weight of the evidence, the issue submitted must
suggest to the jury the trial court’s opinion on the matter.”  H.E. Butt Grocery Co. v. Bilotto,
985 S.W.2d 22, 24 (Tex. 1998); Southmark
Mgmt. Corp. v. Vick, 692 S.W.2d 157, 160 (Tex. App.—Houston [1st
Dist.] 1985, writ ref’d n.r.e.). 
Furthermore, to warrant reversal, a comment on the weight of the evidence
must be one that probably caused the rendition of an improper judgment.  Tex.
R. App. P. 44.1(a)(1).

Questions four, five, and
six do not constitute comments
on the weight of the evidence because they do not suggest the
trial court’s opinions on these matters to the jury.  See Bilotto, 985 S.W.2d at 24; Williams
v. Viswanathan, 64 S.W.3d 624, 630 (Tex.
App.—Amarillo 2001, no pet.); Vick, 692 S.W.2d at 160.  Each question is worded in a simple manner
and asks the jury to decide a unique factual dispute.  In addition, Indian has failed to demonstrate
that the wording of these questions probably caused the rendition of an
improper judgment.  See Tex. R. App. P.
44.1(a)(1).  

          Misleading and
Confusing

“Generally, error in the submission of an issue
is harmless when the findings of the jury in answers to other issues are
sufficient to support the judgment.”  Boatland
of Houston, Inc. v. Bailey,
609 S.W.2d 743, 750 (Tex.
1980).  An exception exists, however,
when the erroneously submitted issue confuses or misleads the jury.  Id.  Whether a party suffers harm may be considered in
light of the charge as a whole.  Id.  

Indian bases its
contentions on the improper assumption that the only way Linden
and B.J. could have complied with the deed restrictions on Linden’s property was to obtain the written approval
of the Architectural Control Committee before building the fence.  Indian then contends that questions four and
six mislead the jury because they suggest that the word “chain-link” must
appear in the deed restrictions before the use of chain-link fencing can be
prohibited, and they suggest that the “harmony” factor is the only relevant
factor the Architectural Control Committee considers when deciding whether to
approve a fencing material.  The deed restrictions
provide that, “[i]n the event the Committee fails to approve or disapprove the plans
within forty-five (45) days after same have been submitted to it, approval will
be presumed and this paragraph will be deemed to have been fully complied
with.”  The jury therefore did not have
to believe that the deed restrictions must expressly prohibit chain-link
fencing, or that the harmony factor is the only factor considered by the
Architectural Control Committee, before it could validly find that Linden and B.J. did not violate the applicable deed
restrictions in constructing the fence without the written approval of the
Committee.  Questions four, five, and six
are not confusing or misleading.  See
Bailey, 609 S.W.2d at 750; City
of San Antonio v. Rodriguez,
856 S.W.2d 552, 558 (Tex. App.—San Antonio 1993, writ denied); Hedley
Feedlot, Inc. v. Weatherly Trust, 855 S.W.2d 826, 842 (Tex. App.—Amarillo 1993, writ denied); Denman
v. Burris, 815 S.W.2d
793, 796–97 (Tex. App.—El Paso 1991, writ denied).

Improper Guidance

The Texas Supreme Court has emphasized that it
is “fundamental to our system of justice that parties have the right to be
judged by a jury properly instructed in the law.”  Crown Life Ins. Co. v. Casteel, 22 S.W.3d 378, 388 (Tex. 2000). 
Indian’s brief to this court, however, fails to explain the manner in
which the trial court failed to give the jury the proper guidance on the law in
questions four, five, and six.  See Tex.
R. App. P. 38.1(h).  Indian has
also failed to demonstrate that the submission of these questions as worded
caused the rendition of an improper judgment. 
See Tex. R. App. P. 44.1(a)(1).  We overrule Indian’s sixteenth, twenty-first, and
twenty-seventh issues.

Question of Law

          In its twentieth issue, Indian contends the trial court erred
in submitting question number five to the jury because it requires the jury to
make a legal conclusion about the applicable deed restrictions.  Question five asked the jury whether Linden and B.J. violated the applicable deed
restrictions in constructing the fence on Linden’s
property.

An appellate court reviews allegations of error
in the jury charge under an abuse of discretion standard.  Howell Crude Oil Co., 928 S.W.2d at 110
(explaining that trial court has wide discretion in submitting jury questions
as well as instructions and definitions); Criswell, 910 S.W.2d at 54.  However, “review of a trial court’s
determination of the legal principles controlling its ruling is much less
deferential,” since “a trial court has no ‘discretion’ in determining what the
law is or applying the law to the facts.” 
Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992).  Consequently,
“a clear failure by the trial court to analyze or apply the law correctly will
constitute an abuse of discretion.”  Id.  Furthermore, a trial
court commits error if it submits a question of law to the jury.  See
Knutson v. Ripson, 163 Tex. 312, 314, 354 S.W.2d 575, 576 (1962);
Hudson
Buick, Pontiac, GMC Truck Co. v. Gooch, 7 S.W.3d 191, 195 (Tex. App.—Tyler
1999, pet. denied); Markert v. Williams, 874 S.W.2d
353, 356 (Tex. App.—Houston [1st Dist.] 1994, writ denied) (“A jury may not be
called upon to construe the legal effect of an instrument.”).  Absent a showing of extraneous prejudice,
however, such error is harmless.  Med.
Towers, Ltd. v. St. Luke’s Episcopal Hosp., 750 S.W.2d 820, 826 (Tex. App.—Houston [14th Dist.] 1988, writ
denied).  Error in the jury charge is
reversible if, viewed in light of all of the circumstances, it amounts to such
a denial of the rights of the complaining party as was probably calculated to
cause and probably did cause the rendition of an improper judgment.  Tex. R. App. P. 44.1(a)(1); Quantum Chem. Corp. v. Toennies, 47 S.W.3d 473, 480 (Tex. 2001). 
Absent a showing of extraneous prejudice, submission of a question of
law to the jury is generally harmless since no harm results if it is answered
as the trial court should have answered it, or it can be deemed immaterial and
disregarded by the trial court if answered incorrectly.  Tex.
R. App. P. 44.1(a)(1); Spencer v. Eagle Star Ins. Co. of Am., 876 S.W.2d 154, 157 (Tex. 1994) (“A
question which calls for a finding beyond the province of the jury, such as a
question of law, may be deemed immaterial.”); Med. Towers, 750 S.W.2d at 826.

The construction of an unambiguous
deed is a question of law for the
court.  J. Hiram Moore, Ltd. v. Greer, 172 S.W.3d 609, 613 (Tex. 2005); Luckel v. White, 819 S.W.2d 459, 461 (Tex. 1991). 
An unambiguous deed is one that can be given a definite or certain legal
meaning.  Stewart Title Guar. Co. v.
Aiello, 941 S.W.2d 68, 74 (Tex. 1997).  Where neither party asserts that a deed is ambiguous, its construction is purely a question of law and not of fact.  Templeton
v. Dreiss, 961 S.W.2d 645, 657 n.14 (Tex. App.—San Antonio 1998,
pet. denied).  “The inquiry becomes a mixed question of law and fact only where the words contained in the instrument are
ambiguous.”  Id.  When a deed is unambiguous, whether a party has
breached a deed restriction is a question of law for the court and not a
question of fact for the jury.  See Aguiar v. Segal, 167
S.W.3d 443, 450 (Tex. App.—Houston
[14th Dist.] 2005, pet. denied); Bank One, Tex.,
N.A. v. Stewart, 967 S.W.2d 419, 432 (Tex. App.—Houston [14th Dist.] 1998, pet. denied); Meek v. Bishop Peterson
& Sharp, P.C., 919 S.W.2d 805, 808
(Tex. App.—Houston [14th Dist.] 1996, writ denied).

Question number five presents a question of law
because the deed restrictions in this case are unambiguous.  See
Aiello, 941 S.W.2d at 74.  The trial court therefore erred in submitting
this question to the jury.  See Aguiar, 167 S.W.3d
at 450; Stewart, 967 S.W.2d at 432; Meek, 919 S.W.2d at 808.  In its appellate brief, however, Indian does
not address the requirement that extraneous prejudice must be shown to
demonstrate that an error in submitting a question of law to the jury is
harmful, and, consequently, makes no effort to demonstrate extraneous
prejudice.  Absent a showing of
extraneous prejudice, submission of a question of law to the jury is generally
harmless because no harm results if it is answered as the trial court should
have answered it, or it can be deemed immaterial and disregarded by the trial
court if answered incorrectly.  Med. Towers, 750 S.W.2d at 826. 
Because Indian has failed to demonstrate extraneous prejudice stemming
from the erroneous submission of question five to the jury, we hold that the
trial court’s error was harmless.  See Tex.
R. App. P. 44.1(a)(1).  The jury
answered question five in the same manner as the trial court should have answered
it.  We overrule Indian’s twentieth
issue.

Attorney’s Fees

          In
its thirty-first, thirty-second, thirty-third, thirty-fourth, and thirty-fifth
issues, Indian contends there is no legal basis to support the trial court’s
award of attorney’s fees to Linden and B.J., and that the award of attorney’s
fees is not equitable and just.

Generally, attorney’s fees are not
recoverable in Texas unless allowed by
contract or by statute.  Dallas Cent.
Appraisal Dist. v. Seven Inv. Co., 835 S.W.2d
75, 77 (Tex. 1992); London v. London,
94 S.W.3d 139, 151–52  (Tex. App.—Houston
[14th Dist.] 2002, no pet.) (Fowler, J., concurring).  Whether attorney’s fees are available under a
particular statute is a question of law, which we review de novo.  See Holland
v. Wal-Mart Stores, Inc., 1
S.W.3d 91, 94 (Tex. 1999); BASF Fina Petrochems., L.P. v. H.B. Zachry
Co., 168 S.W.3d 867, 871 (Tex.
App.—Houston [1st Dist.] 2004, pet.
denied).  Consequently, the
jury’s finding on the amount of
reasonable attorney’s fees is immaterial to the ultimate legal issue of whether
such fees are recoverable.  Holland, 1
S.W.3d at 94. 

The Declaratory Judgments Act allows a trial
court to award reasonable and necessary attorney’s fees as are equitable and
just.  See Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (Vernon 1997). 
The Act “entrusts attorney fee awards to the trial court’s sound
discretion, subject to the requirements that any fees awarded be reasonable and
necessary, which are matters of fact, and to the additional requirements that
fees be equitable and just, which are matters of law.”  Bocquet v. Herring, 972 S.W.2d 19, 21 (Tex. 1998). 
“Unreasonable fees cannot be awarded [under the Act], even if the court
believed them just, but the court may conclude that it is not equitable or just
to award even reasonable and necessary fees.” 
Id.  A party need not prevail to be awarded
attorney’s fees under the Declaratory Judgments Act.  Gennedy, 125 S.W.3d
at 701; Hunt
v. Baldwin, 68 S.W.3d 117, 135 (Tex.
App.—Houston [14th Dist.] 2001, no
pet.).   

An award of attorney’s fees under the
Declaratory Judgments Act is reviewed for abuse of discretion.  Bocquet, 972 S.W.2d at 21.  A
trial court does not abuse its discretion if some evidence reasonably supports
its decision.  Butnaru v. Ford Motor
Co., 84 S.W.3d 198, 211 (Tex. 2002).  To find an abuse of
discretion, the trial court must have acted without reference to any guiding
rules or principles, such that the act was arbitrary or unreasonable.  Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241–42 (Tex. 1985).

At trial, Linden and B.J. sought and obtained a valid
declaratory judgment stating:

(4) Defendants, MARY C. LINDEN and B.J. LINDEN, are in
compliance with the deed restrictions applicable to Lot 74, Block 3, Section 1
of Indian Beach, a subdivision in Galveston, Galveston County, Texas, filed of
record in the Deed of Trust records of the Public Records of Real Property of
the County Clerk of Galveston County, Texas, at Book 3406, Page 838, concerning
their construction of a chain link fence on said lot.

 

See Tex. Civ. Prac. & Rem.
Code Ann. § 37.003(a).  We have
found no valid grounds in this appeal upon which to reverse this declaratory
judgment.  The Declaratory Judgments Act
therefore provides a valid basis to support the trial court’s award of
attorney’s fees to Linden and
B.J.  See id. § 37.009.  We also hold that the trial court’s award of
attorney’s fees in this case was equitable and just.  The trial court therefore did not abuse its
discretion in awarding attorney’s fees to Linden and B.J.[1]  Robinson v. Budget Rent-A-Car Sys., Inc.,
51 S.W.3d 425, 433 (Tex. App.—Houston
[1st Dist.] 2001, pet. denied) (affirming denial of attorney’s fees under Declaratory
Judgments Act); Tanglewood Homes Ass’n, Inc. v. Henke, 728 S.W.2d 39, 45 (Tex. App.—Houston
[1st Dist.] 1987, writ ref’d n.r.e.) (affirming award of attorney’s fees under Declaratory
Judgments Act); Intertex, Inc. v. Cowden, 728 S.W.2d 813, 819–20 (Tex.
App.—Houston [1st Dist.] 1986, no writ) (affirming award of attorney’s fees
under Declaratory Judgments Act).  We
overrule Indian’s thirty-first,
thirty-second, thirty-third, thirty-fourth, and thirty-fifth issues.

Conclusion

We hold that the trial court did not
abuse its discretion in refusing to grant a permanent injunction in favor of
Indian, the evidence is legally and factually sufficient to support the
jury’s finding that Linden and B.J.’s construction of the fence was not a
wrongful act,
the evidence is legally and
factually sufficient to support the jury’s finding that Linden and B.J.’s
construction of the fence did not violate any applicable deed restrictions on
Linden’s property, there is no conflict in the jury’s answers to the charge
questions, the trial court properly denied Indian’s
request for attorney’s fees, the trial court
had jurisdiction to enter the declaratory judgment, the trial court’s declaratory judgment that Linden and
B.J.’s construction of the fence was in compliance with the deed
restrictions applicable to Linden’s property was proper, charge questions four, five, and six do not constitute comments on the weight of the evidence, nor are they confusing or misleading, and the trial court did not abuse its discretion in awarding
attorney’s fees to Linden and B.J.

The trial court erred in entering a
declaratory judgment stating that the deed restrictions applicable to Linden’s property do not prohibit the use of
chain-link fence as a fencing material, and stating that the use of chain-link
fencing on Linden’s property is in
harmony with the existing structures in the Indian Beach
subdivision.  

 

We therefore modify the trial court’s
judgment and delete paragraphs one and two. 
We affirm the remainder of the trial court’s judgment.

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Chief Justice
Radack and Justices Jennings and Bland.

 











[1] Section 5.006(a) of the Texas Property Code states,
“[i]n an action based on breach of a restrictive covenant pertaining to real
property, the court shall allow to a prevailing party who asserted the action
reasonable attorney’s fees in addition to the party’s costs and claim.”  Tex.
Prop. Code Ann. § 5.006(a) (Vernon 2004).  The trial court could not have awarded Linden and B.J. attorney’s fees under section 5.006(a)
because Linden and B.J. did not assert a claim
for breach of a restrictive covenant.  Id.  Only a party who successfully prosecutes a
claim alleging breach of a restrictive covenant is entitled to recover attorney’s
fees under section 5.006(a).  City of Pasadena v. Gennedy, 125 S.W.3d 687,
701 (Tex. App.—Houston [1st Dist.] 2003, pet.
denied); Anderson v. New Prop. Owners’ Ass’n of Newport, Inc., 122 S.W.3d 378, 390 (Tex. App.—Texarkana 2003,
pet. denied); Pebble Beach Prop. Owners’ Ass’n v. Sherer, 2
S.W.3d 283, 291–92 (Tex. App.—San Antonio 1999, pet. denied). 
Because Linden and B.J. were the
defending parties, they could not recover attorney’s fees under section
5.006(a).  See Gennedy, 125 S.W.3d at 701; Anderson, 122 S.W.3d at 390; Sherer, 2 S.W.3d at 291–92.